# SOUTHERN RAILWAY COMPANY *v.* RAILROAD COMMISSION OF INDIANA.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 107.   Argued December 9, 1914.—Decided February 23, 1915.

If the car is moving on a railroad engaged in interstate commerce it is subject to the provisions and penalties of the Safety Appliance Act, although engaged at the time in intrastate commerce. *United States* v. *Southern Ry.*, 222 U. S. 20.

The principle that an act may constitute a criminal offense against

two sovereignties so that punishment by one does not prevent punishment by the other, only relates to cases where both sovereignties have jurisdiction over the act. It has no application where one of the governments has exclusive jurisdiction of the subject-matter and therefore has the exclusive power to punish.

Under the Federal Constitution the power of Congress to regulate interstate commerce is such that when exercised it is exclusive and *ipso facto* supersedes existing state legislation on the same subject.

Congress may so circumscribe its regulations in regard to a matter within its exclusive jurisdiction as to occupy only a limited field and leave a part of the subject open to incidental legislation by the States; but the Safety Appliance Act extended to the whole subject of equipping cars with safety appliances to the exclusion of further action by the States.

The Indiana statute requiring railway companies to place grab-irons and hand-holds on the sides and ends of every car having been superseded by the Federal Safety Appliance Act, penalties imposed by the former cannot be recovered as to cars operated on interstate railroads although engaged only in intrastate traffic.

THE facts, which involve the effect of the Federal Safety Appliance Act on state statutes relating to safety appliances on railroad cars used in interstate commerce, are stated in the opinion.

*Mr. John D. Welman,* with whom *Mr. Alexander P. Humphrey* and *Mr. Edward P. Humphrey* were on the brief, for plaintiff in error.

*Mr. Frank H. Hatfield,* with whom *Mr. John R. Brill, Mr. John W. Brady* and *Mr. Thomas W. Littlepage* were on the brief, for defendant in error:

Congress has such power as has been delegated to it by the States and all power not granted by the States is reserved to the States.

If the state statute is not a regulation of interstate commerce, it is not in contravention of or opposed to the right of Congress and therefore not in violation of the commerce clause. *Smith* v. *Alabama,* 124 U. S. 465; *Hennington* v.

*Georgia,* 163 U. S. 299; *Gibbons* v. *Ogden,* 9 Wheat. 1; *People* v. *Chicago &c. R. R.,* 79 N. E. Rep. 144.

The state statute in question was passed in the exercise of the police power of the State.

A statute of a State and an act of Congress on the same subject may be enforced in pursuance of a common purpose to afford a remedy. *Voelker* v. *Chicago &c. R. R.,* 116 Fed. Rep. 867–873.

If a railroad company is engaged in both interstate and intrastate commerce, this does not prevent the State from adopting such regulations as it may deem proper to provide for the safety of its citizens. *People* v. *Chicago &c. R. R.,* 220 Illinois, 581; *People* v. *Erie R. R.,* 198 N. Y. 369; *Missouri &c. R. R.* v. *Haber,* 169 U. S. 613; *Reid* v. *Colorado,* 187 U. S. 137; 2 Elliott on Railroads, 690; 4 *Id.* 1671; *Missouri &c. R. R.,* v. *Kansas,* 216 U. S. 262; and see as to an Ohio statute identical with the one here involved, *Detroit &c. Co.* v. *State,* 91 N. E. Rep. 869.

The state statute in question has not been superseded. When Congress acts the state laws are superseded only to the extent that they affect commerce outside of the State as it comes within the State. *Hall* v. *DeCuir,* 95 U. S. 485; *Reid* v. *Colorado,* 187 U. S. 137; *N. Y. &c. R. R.* v. *New York,* 165 U. S. 628; *Morgan Steamship Co.* v. *Louisiana,* 118 U. S. 455; *Compagnie &c. Co.* v. *State Board,* 186 U. S. 380; *Barbier* v. *Connolly,* 113 U. S. 27.

The state statute is not invalid unless it is repugnant to the act of Congress. *Lake Shore R. R.* v. *Ohio,* 173 U. S. 285; *Pittsburg &c. R. R.* v. *State,* 172 Indiana, 147; *Chicago &c. R. R.* v. *Solan,* 169 U. S. 133; *Missouri &c. R. R.* v. *Haber,* 169 U. S. 613.

A state statute is not invalid because of a Federal statute on the same subject, unless the state statute is repugnant to the Federal statute. *People* v. *Erie R. R.,* 198 N. Y. 369; *Gulf &c. R. R.* v. *Hefley,* 158 U. S. 98; *Hennington* v. *Georgia,* 163 U. S. 299; *New Orleans &c.*

*R. R.* v. *Mississippi,* 133 U. S. 587; *Minneapolis &c. R. R.* v. *Emmonds,* 149 U. S. 364.

In order that a state law or the action of state authorities under such law should be construed a regulation of commerce between the States, the operation of such law or the action of such state authorities must be a direct interference or regulation and directly or substantially hurtful to such commerce, not a mere incidental or casual interruption or regulation or remotely hurtful. *Sherlock* v. *Alling,* 93 U. S. 99; *Louis. & Nash. R. R.* v. *Kentucky,* 183 U. S. 503; *New York &c. R. R.* v. *Pennsylvania,* 158 U. S. 431; *Henderson Bridge Co.* v. *Kentucky,* 166 U. S. 150; *Louis. & Nash. R. R.* v. *Kentucky,* 161 U. S. 677; *Nashville &c. R. R.* v. *Alabama,* 128 U. S. 96; *Davis* v. *Cleveland &c. R. R.,* 217 U. S. 157.

So long as the action of the State is not repugnant to, or does not interfere with, or place burdens upon, or undertake to regulate, interstate commerce, or is a mere police regulation, its action, though in aid of interstate commerce, is not invalid, unless it is a direct interference. *Savage* v. *Jones,* 225 U. S. 501; *Standard &c. Co.* v. *Wright,* 225 U. S. 540; *United States* v. *Minneapolis,* 223 U. S. 335; *Meyer* v. *Wells,* 223 U. S. 298; *Atchison &c. R. R.* v. *O'Connor,* 223 U. S. 280; *Gladson* v. *Minnesota,* 166 U. S. 427; *Louisville &c. R. R.* v. *Mississippi,* 133 U. S. 587; *Mobile County* v. *Kimball,* 102 U. S. 691.

It is not enough to render the state law invalid simply that it is similar to the Federal statute. *United States* v. *DeWitt,* 9 Wall. 41; *Slaughterhouse Cases,* 16 Wall. 36; *United States* v. *Reese,* 92 U. S. 214; *Patterson* v. *Kentucky,* 97 U. S. 501; *Sherlock* v. *Alling,* 93 U. S. 99; *New York &c. Co.* v. *Pennsylvania,* 158 U. S. 431.

Where both the State and Congress have made certain acts a violation of the criminal law, the commission of the act may be an offense against, or transgression of, the laws of both, and may be punished in both jurisdictions.

*Dashing* v. *State,* 78 Indiana, 357; *Snoddy* v. *Howard,* 51 Indiana, 411; *Fox* v. *Ohio,* 5 How. 410; *Moore* v. *People,* 14 How. 13; 11 Cyc. 311.

The same act may be an offense against the laws of two different jurisdictions and may be punished in each. *Ambrose* v. *State,* 6 Indiana, 351; *State* v. *Gapin,* 17 Ind. App. 524.

For cases holding that one act may constitute an offense against both the state and Federal Government and that both may punish, see *Ex parte Siebold,* 100 U. S. 371–389; *Cross* v. *North Carolina,* 132 U. S. 131; *Reid* v. *Colorado,* 187 U. S. 137; *Detroit &c. R. R.* v. *State,* 82 Ohio, 60.

A statute of the State and an act of Congress on the same subject may be enforced in pursuance of a common purpose to afford a remedy.   *Voelker* v. *Chicago &c. R. R., supra; Southern Railway* v. *Railroad Commission,* 100 N. E. Rep. 337–341; *In re Loney,* 134 U. S. 372; *State* v. *Kirkpatrick,* 32 Arkansas, 117; *People* v. *McDonnell,* 80 California, 285; *United States* v. *Amy,* 14 Maryland, 152; *State* v. *Olesen,* 26 Minnesota, 507; *State* v. *Whittemore,* 50 N. H. 245; *People* v. *Welch,* 141 N. Y. 266; *Territory* v. *Coleman,* 1 Oregon, 191; *State* v. *Norman,* 16 Utah, 457; *Smith* v. *United States,* 1 Wash. T. 262; *People* v. *White,* 34 California, 183; *Martin* v. *State,* 18 Tex. App. 225; *State* v. *Bordwell,* 72 Mississippi, 541; *Bohannon* v. *State,* 18 Nebraska, 57; *In re Trueman,* 44 Missouri, 183; *Smith* v. *Maryland,* 18 How. 71; *Commonwealth* v. *Ellis,* 158 Massachusetts, 555; *People* v. *Miller,* 38 Hun, 82.

The state statute in question is in aid of the Federal Act. *Charles* v. *Atlantic Coast Line,* 78 S. Car. 36; *Seegers Bros.* v. *Seaboard Air Line,* 73 S. Car. 71.

For cases holding that state statutes may be enforced as a valid exercise of the police power of the State when they do no more than to remotely and indirectly control the instrumentalities of interstate commerce, see state "full crew" law.   *Pittsburg &c. R. R.* v. *State,* 223 U. S. 713;

state attachment law, *Davis* v. *Cleveland &c. R. R.,* 217 U. S. 157; state statute requiring locomotive engineers to be examined and licensed, *Smith* v. *Alabama,* 124 U. S. 465; state statutes making it unlawful to run freight trains on Sunday, *Hennington* v. *Georgia,* 163 U. S. 299; heating car statutes, *New York &c. R. R.* v. *New York,* 165 U. S. 628; automatic couplers required, *Voelker* v. *Chicago &c. R. R.,* 116 Fed. Rep. 867; *Johnson* v. *Southern Pac. Co.,* 196 U. S. 1; statutes governing transfer of cars, *Mo. Pac. Ry.* v. *Larabee Co.,* 211 U. S. 612; transmitting messages, *West Un. Tel. Co.* v. *James,* 162 U. S. 650; adjusting freight rates under state statutes, *Atlantic Coast Line R. R.* v. *Mazursky,* 216 U. S. 122; enforcing separation of whites and blacks, *New Orleans &c. R. R.* v. *Mississippi,* 133 U. S. 587; requiring fences and cattle guards, *Minneapolis* v. *Emmonds,* 149 U. S. 364; shipping diseased meats into States, *Missouri &c. R. R.* v. *Haber,* 169 U. S. 613; state headlight law, *Atlantic Coast Line* v. *Georgia,* 234 U. S. 280.

There is a presumption in favor of the state statute. *Chesapeake &c. R. R.* v. *Manning,* 186 U. S. 238.

There is no presumption that Congress intended to supersede the State. *Savage* v. *Jones,* 225 U. S. 501–533; *Reid* v. *Colorado,* 187 U. S. 137, 148; *Detroit &c. R. R.* v. *State,* 91 N. E. Rep. 869; *Southern Railway* v. *Indiana,* 100 N. E. Rep. 337; *Howard* v. *Ill. Cent. Ry.,* 207 U. S. 463.

MR. JUSTICE LAMAR delivered the opinion of the court.

The Indiana statute requires railway companies to place secure grab-irons and hand-holds on the sides or ends of every railroad car, under a penalty of $100 fine to be recovered in a civil action.

In March, 1910, the Railroad Commission of the State brought such a suit against the Southern Railway Company, alleging that the Company on February 24, 1910, had transported from Boonville, Indiana, to Milltown,

Indiana, a car which did not have the required equipment. The defendant filed an answer in which it denied liability under the state law inasmuch as on February 24, 1910, the Federal Safety Appliance Act imposed penalties for failing to equip cars with hand-holds and also designated the court in which they might be recovered. The Commission's demurrer to the answer was sustained. The defendant refusing to plead further, judgment was entered against the Company. That judgment was affirmed by the state court and the case was brought here by writ of error.

The car alleged to have been without the required equipment, though transporting freight between points wholly within the State of Indiana, was moving on a railroad engaged in interstate commerce and the Company was, therefore, subject to the provisions and penalties of the Safety Appliance Act. 27 Stat. 531, § 4. *Southern Railway* v. *United States,* 222 U. S. 20.

The defendant in error insists, however, that the Railroad Company was also liable for the penalty imposed by the Indiana statute. In support of this position numerous cases are cited which, like *Cross* v. *North Carolina,* 132 U. S. 131, hold that the same act may constitute a criminal offense against two sovereignties, and that punishment by one does not prevent punishment by the other. That doctrine is thoroughly established. But, upon an analysis of the principle on which it is founded, it will be found to relate only to cases where the act sought to be punished is one over which both sovereignties have jurisdiction. This concurrent jurisdiction may be either because the nature of the act is such that at the same time it produces effects respectively within the sphere of state and Federal regulation and thus violates the laws of both; or, where there is this double effect in a matter of which one can exercise control but an authoritative declaration that the paramount jurisdiction of one shall not

exclude that of the other. Compare, R. S., § 711; 37 Stat. 670.

But the principle that the offender may, for one act, be prosecuted in two jurisdictions has no application where one of the governments has exclusive jurisdiction of the subject-matter and therefore the exclusive power to punish. Such is the case here where Congress, in the exercise of its power to regulate interstate commerce, has legislated as to the appliances with which certain instrumentalities of that commerce must be furnished in order to secure the safety of employés. Until Congress entered that field the States could legislate as to equipment in such manner as to incidentally affect, without burdening interstate commerce. But Congress could pass the Safety Appliance Act only because of the fact that the equipment of cars moving on interstate roads was a regulation of interstate commerce. Under the Constitution the nature of that power is such that when exercised it is exclusive, and *ipso facto*, supersedes existing state legislation on the same subject. Congress of course could have "circumscribed its regulations" so as to occupy a limited field. *Savage* v. *Jones,* 225 U. S. 501, 533. *Atlantic Line* v. *Georgia,* 234 U. S. 280, 293. But so far as it did legislate, the exclusive effect of the Safety Appliance Act did not relate merely to details of the statute and the penalties it imposed, but extended to the whole subject of equipping cars with appliances intended for the protection of employés. The States thereafter could not legislate so as to require greater or less or different equipment; nor could they punish by imposing greater or less or different penalties. For, as said in *Prigg* v. *Commonwealth of Pennsylvania,* 16 Pet. 539, 617: "If Congress have a constitutional power to regulate a particular subject, and they do actually regulate it in a given manner, and in a certain form, it cannot be that the state legislatures have a right to interfere; and, as

it were, by way of complement to the legislation of Congress, to prescribe additional regulations, and what they may deem auxiliary provisions for the same purpose. In such a case, the legislation of Congress, in what it does prescribe, manifestly indicates that it does not intend that there shall be any farther legislation to act upon the subject-matter. Its silence as to what it does not do, is as expressive of what its intention is as the direct provisions made by it . . . the will of Congress upon the whole subject is as clearly established by what it had not declared, as by what it has expressed."

Without, therefore, discussing the many cases sustaining the right of the States to legislate on subjects which, while not burdening, may yet incidentally affect interstate commerce, it is sufficient here to say that Congress has so far occupied the field of legislation relating to the equipment of freight cars with safety appliances as to supersede existing and prevent further legislation on that subject. The principle is too well established to require argument. Its application may be seen in rulings in the closely analogous cases relating to state penalties for failing to furnish cars and to state penalties for retaining employés at work on cars beyond the time allowed by the Hours-of-Service Law.

In *St. L., Iron Mt. & S. Ry.* v. *Hampton*, 227 U. S. 267, it was held that the Arkansas statute imposing a penalty for failing to deliver cars had been superseded by the provisions of the Hepburn Act, although the provisions of the two statutes were not identical. In *Northern Pacific Ry.* v. *Washington*, 222 U. S. 371, it was held that congressional legislation as to hours-of-service so completely occupied the field as to prevent state legislation on that subject. In *Erie R. R.* v. *New York*, 233 U. S. 671, a like ruling was made in a case where the New York law punished a Railroad Company for allowing an employé to work more than eight hours when the Federal statute

punished the Company for employing him for more than nine hours—even though it was argued that the state legislation was not in conflict with the Federal act, but rather in aid of it. The same contention is made here inasmuch as the Indiana law requires hand-holds on sides *or* ends of cars, while the Federal statute requires hand-holds to be placed both on the sides *and* ends of cars.

The test, however, is not whether the state legislation is in conflict with the details of the Federal law or supplements it, but whether the State had any jurisdiction of a subject over which Congress had exerted its exclusive control. The Safety Appliance Act having superseded the Indiana statute the judgment imposing the penalty must be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed.*