## THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* THE PUBLIC SERVICE COMMISSION OF INDIANA.

[No. 22,134.   Filed April 15, 1915.]

RAILROADS.—*Regulation.*—*Safety Appliances.*—*State and Federal Legislation.*—Section 2 of the Federal Safety Appliance Act of 1893 (27 Stat. at Large 531, §8606 U. S. Comp. Stat. 1913), making it unlawful for any interstate common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers as therein provided, embraces all cars used on any railway that is a highway of interstate traffic, and is not confined exclusively to cars engaged in such commerce, and hence supersedes existing as well as prevents further legislation by the State upon the same subject.

From Superior Court of Marion County (82,814) ; *Charles J. Orbison,* Judge.

Action by the Railroad Commission of Indiana against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company, in which The Public Service Commission of Indiana was substituted as plaintiff. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Frank L. Littleton* and *Leonard J. Hackney,* for appellant.

*Thomas M. Honan,* Attorney-General, and *James E. Mc Cullough,* for appellee.

Cox, J.—Section 2 of the act of 1907 (Acts 1907 p. 186, §5279 Burns 1914), being an act designed to promote the safety of employes and travelers by compelling common carriers by railroads and interurban railroads in this State to provide certain safety appliances, reads as follows: "That it shall be unlawful for any such common carrier to haul, or permit to be hauled or used on its line, any locomotive, car, tender or similar vehicle used in moving state traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of

men going between the ends of the cars." Section 10 of the act provides a penalty of $100 for each violation of the act, to be recovered in a suit brought by the railroad commission for the use of the State. §5287 Burns 1914, Acts 1907 p. 186. Section 2 of the Federal Safety Appliance Act of 1893 (27 U. S. Stat. at Large 531, §8606 U. S. Comp. Stat. 1913) provides that "it shall be unlawful for any interstate common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars". The violation of this provision carries the same penalty as the State law.

Appellant is a railroad corporation engaged in interstate commerce in five states, one of which is Indiana. This action was brought against appellant to recover the statutory penalty for permitting a car carrying intrastate freight to be moved over its line in this State, without being equipped with automatic couplers as provided by §2, *supra*. It was originally brought by the railroad commission for which the present appellee has been substituted. The train in which the car not so equipped was being hauled from one point to another, both within this State, was an interstate train originating in the state of Ohio and destined, across this State, to states beyond our borders to the west. From a judgment awarding the penalty provided by the statute appellant brings this appeal and presents the single contention that as Congress under its power to regulate interstate commerce has covered the same field and provides a penalty for violations of its provisions requiring automatic couplers, the State statute is superseded and is unenforceable.

The question heretofore has been before this court in a case involving a failure on the part of a railroad engaged in interstate commerce to provide grab irons as required by other sections of both the State and Federal acts. In that case this court upheld the State's right to enforce its

statute and to recover the penalty it provided. *Southern R. Co.* v. *Railroad Com., etc.* (1913), 179 Ind. 23, 100 N. E. 337. The case was appealed to the Supreme Court of the United States which reached a contrary conclusion. *Southern R. Co.* v. *Railroad Com., etc.* (1915), 236 U. S. 439, 35 Sup. Ct. 304, 59 L. Ed. 661.

In *Southern R. Co.* v. *United States* (1911), 222 U. S. 20, 32 Sup. Ct. 2, 56 L. Ed. 72, it was held that by the amendment of March 2, 1903 (32 Stat. at Large 943, §8605 U. S. Comp. Stat. 1913), of §1 of the Federal Safety Appliance Act of 1893, such act was made to embrace all locomotives, cars and similar vehicles used on any railway that is a highway of interstate commerce, and that it is not confined exclusively to vehicles engaged in such commerce. Following this conclusion it was held in *Southern R. Co.* v. *Railroad Com., etc., supra,* that Congress has so far occupied the field of legislation relating to the equipment of freight cars with safety appliances as to supersede existing and to prevent further State legislation on that subject and that the test is not whether the State legislation is in conflict with the details of the Federal law or supplements it, but whether a State has any jurisdiction of a subject over which Congress has exerted its exclusive control. This decision is controlling in the case now before us and the judgment of the trial court is reversed with instructions to sustain appellant's demurrer to the complaint.

NOTE.—Reported in 108 N. E. 515. As to duty of railroads in respect to use of approved appliances, see 65 Am. St. 738. As to state regulation of relations between railroad companies engaged in interstate commerce and their employes, see 15 L. R. A. (N. S.) 134, 29 L. R. A. (N. S.) 240; 52 L. R. A. (N. S.) 266, 269. As to state regulation of railroads as interference with interstate commerce, see 7 Ann. Cas. 5, 13 Ann. Cas. 147. See, also, 7 Cyc. 422.