## SOUTHERN RAILWAY COMPANY *v.* RAILROAD COMMISSION OF INDIANA.

[No. 22,140. Filed October 13, 1915.]

RAILROADS.—*Safety Appliances.—Congressional Action.*—The act of Congress relating to the equipment of cars moving on interstate railways with safety appliances (27 U. S. Stat. at Large 531, §8605 *et seq.* U. S. Comp. Stat. 1913) so far occupies the field of legislation as to supersede and invalidate §5278 *et seq.* Burns 1914, Acts 1907 p. 186, relating to safety appliances on cars used in traffic within the State. (Opinion in *Southern R. Co.* v. *Railroad Com, etc.* [1913], 179 Ind. 23, superseded.)

From Superior Court of Vanderburgh County; *Alexander Gilchrist*, Judge.

Action by the Railroad Commission of Indiana against the Southern Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Alex P. Humphrey, Edwin P. Humphrey* and *John D. Welman,* for appellant.

*Burt New,* for appellee.

Cox, J.—This action was brought by appellee to recover from appellant, an interstate railroad, the penalty provided for the violation of the railroad safety appliance act of this State. Acts 1907 p. 186, §5278 *et seq.* Burns 1914. The defense to the action which appellant presented involved the contention that, as Congress, under its power to regulate interstate commerce, has covered the same field, and has provided a penalty for the violation of its enactments the State statute is superseded and uninforceable. 27 U. S. Stat. at Large 531; §8605 *et seq.* U. S. Comp. Stat. 1913. The action sought to recover the prescribed penalty for hauling in an interstate train certain cars billed and taken up by the train at one point in this State and to be delivered at another point in this State, which cars were not equipped with the prescribed safety appliances. On the theory that these cars were at the time engaged in intrastate traffic only and that the State statute, by its terms, applied only to intrastate traffic and not to the interstate movements of trains and was therefore not in conflict with but in aid of the Federal statute the trial court imposed the penalty provided and appeal was brought to this court. Here the case was ably presented by counsel and given extended consideration by this court. The State statute and the judgment of the trial court were sustained. *Southern R. Co.* v. *Railroad Com., etc.* (1913), 179 Ind. 23, 100 N. E. 337. From the judgment of this court an appeal was taken to the Supreme Court of United States where a contrary conclusion was reached. *Southern R. Co.* v. *Railroad Com., etc.* (1915), 236 U. S. 439, 35 Sup. Ct. 304, 59 L. Ed. 661. Following *Southern R. Co.* v. *United States* (1911), 222 U. S. 20, 32 Sup. Ct. 2, 56 L. Ed. 72, where it was held that by the amendment of March 2, 1903 (32 U. S. Stat. at Large 943, §8613 U. S. Comp. Stat. 1913), of §1 of the Federal Safety Appli-

ance Act of 1893, such act was made to embrace all locomotives, cars and similar vehicles used on any railway that is a highway of interstate commerce, and that it is not confined exclusively to vehicles engaged in such commerce, it was held in *Southern R. Co.* v. *Railroad Com., etc., supra,* that Congress has so far occupied the field of legislation relating to the equipment of freight cars with safety appliances as to supersede existing and to prevent further state legislation on the subject, and that the test is not whether the state legislation is in conflict with the details of the Federal law or supplements it, but whether a state has any jurisdiction of a subject over which Congress has exercised conclusive control.

The judgment of the trial court is therefore reversed with instructions to it to sustain appellant's demurrer to appellee's complaint and to comply with the mandate of the Supreme Court of the United States by rendering judgment for appellant.

NOTE.—Reported in 109 N. E. 759. As to obligations upon railroads to use improved appliances, see 65 Am. St. 738. As to duty and liability under Federal and State railway safety appliance acts, see 20 L. R. A. (N. S.) 473; 41 L. R. A. (N. S.) 49. As to state statute as to safety appliances as interference with interstate commerce, see 52 L. R. A. (N. S.) 209. As to state regulation of railroads as interference with interstate commerce, see 7 Ann. Cas. 5; 13 Ann. Cas. 147. See, also, 7 Cyc. 421.