(108 So. 776)

No. 27773.

## STATE v. RAYON.

(May 3, 1926. Rehearing Denied May 31, 1926.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬿667(2)—Ruling of trial court refusing to have all of testimony of principal state witnesses taken down, and allowing only so much as should be objected to, held within discretion, and not to have deprived accused of any right (Act No. 113 of 1896).

Under Act No. 113 of 1896, ruling of trial court refusing to have all of testimony of principal state witnesses taken down, and allowing only so much thereof as should be objected· to by counsel, *held* within discretion of court, and not to have deprived accused of any right accorded her under statute.

O'Niell, C. J., dissenting in part.

Appeal from Fifteenth Judicial District Court, Parish of Acadia; W. W. Bailey, Judge.

Irene Rayon was convicted of violating the prohibition statute, and she appeals. Affirmed.

Thomas Arthur Edwards, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and James A. Gremillion, Dist. Atty., of Crowley (E. R. Schowalter, of New Orleans, of counsel), for the State.

THOMPSON, J. This is an appeal from a conviction and sentence for violating the prohibition statute.

There are three bills of exception found in the record, two of which (1 and 3) involve the same questions of law that were considered in the case of State v. Mrs. Bill Breaux (La.) 108 So. 773,[1] this day decided.

---

[1] Ante, p. 368.

The only question urged under bill No. 2 which was not involved in the Breaux Case, and which requires to be noticed, is the request made by counsel that all of the testimony of the two federal detective agents, the principal state witnesses, be taken down in writing.

The court, while refusing to have all of the testimony taken down, informed counsel that it would have such portions of the testimony reduced to writing to which counsel might object and on which counsel desired to reserve a bill of exception.

The ruling was in strict accord with Act 113 of 1896. That act provides that, on the trial of all criminal cases appealable to the Supreme Court, when an objection shall be made and a bill of exception reserved, the court shall at the time and without delay order the clerk to take down the facts upon which the bill has been retained, which statement of facts shall be preserved among the records of the trial, and, if the case is appealed, the clerk is required to attach to the bill a certified copy of such statement.

It will be seen that the statute does not require, and there is no law of this state which does require, the trial judge to have all of the testimony introduced on a criminal trial to be taken down in writing. Nor is there any law which requires the whole testimony of any particular witness to be taken down. The statute only requires the court to order such portions of the testimony taken down as may be objected to and which is to form the basis of a bill of exception to be retained by the defendant.

The ruling was well within the discretion of the court, and did not deprive the accused of any right accorded him under the statute referred to.

In the case of State v. Blassengame, 132 La. 250, 61 So. 219, the court held, quoting from the syllabus:

"It is within the discretion of the trial judge in a criminal case appealable to this court to order that the testimony of the witnesses to the killing and to the occurrences which immediately preceded it be taken down, to be used in case it should thereafter be needed for the purposes of bills of exception, but the defendant in such case has no right to demand that it shall be so taken down."

And in State v. Craft, 118 La. 125, 42 So. 721, the court said:

"The question submitted by the bill is whether or not, on the trial of a criminal case, counsel of accused has the right to require that all the testimony which should be given by eyewitnesses to the killing should be taken in writing by anticipation to meet the possible future use of his client, should an offer be subsequently made to introduce evidence of threats or previous difficulties.

"We think the right claimed by the accused went beyond that accorded by Act No. 113, p. 162, of 1896, and the district judge was warranted in not recognizing it."

The objection made by counsel was to any and all proceedings in the case and to all evidence of any character whatever, and it was on this objection that he requested the whole of the evidence of the two federal prohibition agents to be taken down in writing.

In this connection it may be stated, however, that the evidence of the two prohibition agents was reduced to writing and appears in the record, and we assume from the wording of the bill was attached thereto.

The particular objections to the evidence as appear in the notes of evidence were fully answered and disposed of in the Breaux Case this day handed down.

For the reasons assigned and those given in the Breaux Case, the conviction and sentence are affirmed.

ST. PAUL, J., concurs in the decree.

O'NIELL, C. J., is of the opinion that the defendant had the right to have all of the testimony reduced to writing.

(108 So. 777)