THOMPSON, J.
 

 The defendant appeals from a sentence imposing a fine of $500, 60 days’ imprisonment, and 6 months’ additional in default of paying the fine. The offense for which she was convicted was selling intoxicating liquor for beverage purposes.
 

 It appears that the defendant was also prosecuted in the federal court for possessing and selling intoxicating liquors for beverage purposes in'violation of the national prohibition statute; the said two prosecutions being based on the same state of facts and growing out of the same transaction.
 

 The prosecution in the federal court was instituted before the one in the state court.
 

 A plea to the jurisdiction and authority of the state court was filed by the defendant and overruled by the court, and this ruling is the subject of the first bill of exception.
 

 It is broadly and with apparent sincerity contended that the power and jurisdiction to-prosecute for the offense here charged is vested alone and exclusively in the federal courts, and that under section 256 of the federal Judicial Code (U. S. Comp. St. ¡?upp. 1925, § 1233), adopted since the Eighteenth Amendment to the federal Constitution, no state can enact any prohibition law, and no court can take cognizance of and prosecute for any violation of any prohibition'statute, federal or state, unless a state Legislature can repeal acts of Congress, or the state courts can usurp jurisdiction belonging to the federal courts.
 

 The answer to the contention is perfectly obvious. The prosecution in the federal court was had under a federal statute, and the section, of the federal Judicial Code conferring exclusive jurisdiction on the federal courts relates altogether and exclusively to crimes and offenses against the United States.
 

 The second section of the Eighteenth Amendment provides that Congress and the several states shall have concurrent power to enforce this article by appropriate legislation. In the exercise of this power the state enacted the Hood Bill (Act No. 39 of 1921 [Ex. Sess.]), under which this prosecution is had.
 

 In considering the second section of the amendment in the case of United States v. Lanza, 260 U. S. 380, 43 S. Ct. 141, 67 L. Ed. 316, the Supreme Court of the United States said:
 

 “The words- ‘concurrent power’ * * * do not mean joint power, or require that legislation thereunder by Congress,' to be effective, shall be approved or sanctioned by the several states or any of them; nor do they mean that the power to enforce is divided between Congress and the several states along the lines which separate or distinguish foreign and in-.
 
 *371
 
 tevstate commerce from intrastate affairs. * * *
 

 “The second section means that power to take legislative measures to make the policy effective shall exist in Congress in respect of the territorial limits of the United States and at the same time the like power of the several states within their territorial limits shall not cease to exist. Each state, as also Congress, may exercise an independent judgment in selecting and shaping measures to enforce prohibition. »
 

 “Such as are adopted by Congress become laws of the United States and such as are adopted by a state become laws of that state. They may vary in many particulars, including the penalties prescribed, but this is an inseparable incident of independent legislative action in distinct jurisdictions.”
 

 In the case from which the above quotation is taken, the. defendant Lanza was prosecuted in the federal court for manufacturing intoxicating liquor, for transporting it, and with possession of it. I-Ie was also prosecuted in the superior court of Wharton county, Wash., for unanufactúring, transporting, and having in possession the saíne liquor.
 

 The information in the state court was filed under a state statute in force before the going into effect of the Eighteenth Amendment and the passage of the National Prohibition Act (U. S. Comp. St. Ann. Supp. 1923, § 10138% et seq.).
 

 In answer to the contention as here made, that the prosecution in both the federal and state courts for an offense growing out of the same facts and same transaction, was putting the defendant twice in jeopardy, for the same offense, the court said:
 

 “We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory.
 

 "35aeh may, without interference by the other,
 
 enact laws to secure prohibition, with the limitation that no legislation can give validity to acts prohibited by the amendment.
 

 “Each government, in determining what shall be, an offense against its peace and dignity, is exercising its own sovereignty, not that of the other. -
 

 '■“It ’follows that an act denounced as a crime ■by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each. The Fifth Amendment, like all the other guaranties in the first eight amendments, applies only to proceedings by the federal government * * * and the double jeopardy therein forbidden is a second prosecution under authority of the federal government after a first trial for the same offense under the same authority. Here
 
 the
 
 same act was an offense against the state of Washington, because a violation of its law, and also an offense against the United States under the National Prohibition Act.
 

 “The defendaiits thus committed two different offenses by the same act, and a conviction by a court of Washington of the offense against that state is not a conviction of the different offense against the United States, and so is not double jeopardy.”
 

 The holding that the several states as well as Congress may enact legislation to enforce the policy of prohibition was but the recognition and reaffirmance of a well-established. doctrine that the same act may constitute a criminal offense against two sovereignties, and that punishment by one does not prevent punishment by another. Southern Railroad Co. v. Railroad Commission, 236 U. S. 439, 35 S. Ct. 304, 59 L. Ed. 661; Cross v. North Carolina, 132 U. S. 131, 10 S. Ct. 47, 33 L. Ed. 287.
 

 The contention made by counsel that, the United States authorities having first instituted prosecution against the defendant, the prosecution in the state court should be abated until the federal jurisdiction was exhausted, was completely answered adversely to the contention in the Lanza Case.
 

 What has "already been said disposes of bill No. 2.
 

 The counsel for defendant called upon the district attorney to name the witnesses upon
 
 whom the state relied to sustain the
 
 prosecution, and the district attorney named Ferguson and Daniels, two prohibition agents, as his only witnesses.
 

 It developed that there was another eyewitness, Joe Trahan, who was not summoned or produced, by the state, whereupon counsel
 
 *373
 
 for defendant urged surprise, and asked for a subpoena for Trahan, and that the case be postponed or continued for a sufficient length of time to obtain the said witness. The court ordered the subpoena to issue, but declined to postpone the trial. This ruling forms the subject of bill No. 3.
 

 We can see no prejudicial error in the action-of the court.
 

 The state was not compelled to produce the witness Trahan nor to account for his absence.
 

 The accused did not state what he expected to prove by said witness. Non constat the witness, if present, would have corroborated the testimony of the other two state witnesses. We know of no law which gives an accused the right to compel the state to summons witnesses or to place them on the stand when summoned.
 

 The fourth bill was reserved to the overruling of a motion for a new trial.
 

 One of the errors complained of in the motion is that the court admitted evidence which was obtained by the illegal entry of the prohibition agents into defendant’s residence.
 

 We do not find from the record that any evidence obtained from an unlawful search abd seizure was offered by the state, or that any objection along the line indicated was made by the defendant.
 

 It does appear, however, that the defendant offered the affidavit of one Ferguson, federal prohibition agent, made before the United States commissioner, on which a search warrant was regularly issued. To the admission of this affidavit the state made a general objection to any evidence being introduced that was in any way connected with the raid on the house of the defendant. The objection was overruled.
 

 IVe assume that the evidence on which the state relied was that produced or obtained .under the search warrant issued by the United States commissioner.
 

 The evidence, if it had been objected to by the defendant because obtained without a search warrant issued by proper state authorities, would have been admissible under the ruling of this court in the recent case of State v. A. W. Eddins, ante, p. 240, 108 So. 468.
 

 Moreover, evidence obtained by federal officers searching defendant’s premises under warrant from federal court was held admissible in state court in prosecution for violating the state prohibition statute. State v. Hebert, 158 La. 210, 103 So. 742.
 

 The other matters complained of in the motion relate to the sufficiency of the evidence and the effect to be given to the evidence of which this court has no jurisdiction.
 

 Bill No. 5 was reserved to certain remarks made by the judge when he passed sentence on the accused to the effect that numerous complaints against Bill Breaux, husband of defendant, had been made to him, of violating the prohibition law. The bill does not state the particular objection to the remarks, nor does it.show any injury suffered by the defendant.
 

 It is not shown that the judge was influenced by the information received outside of the evidence introduced on the trial in finding his verdict of guilty.
 

 The sixth and last bill complains that the sentence imposed was excessive, and the alternative imprisonment was not authorized under the statute.
 

 This question was disposed of in the case of State v. Hebert, on rehearing, 158 La. 227, 103 So. 742.
 

 The able discussion of the question in brief of defendant’s counsel has not changed our conviction of the correctness of-the ruling-in the Hebert Case. The conviction and sentence are affirmed.
 

 ST. PAUL, J., concurs in the decree.