## FORT WORTH BELT RY. CO. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
November 28, 1927.

No. 5115.

Commerce ⟨=⟩27(2)—Belt railroad, switching cars between industries and railroads, held subject to penalty for moving car with defective coupler in intrastate movement; "railroad engaged in interstate commerce" (Safety Appliance Act 1893, § 2 [45 USCA § 2]; Safety Appliance Act 1903, § 1 [45 USCA § 8]).

Belt railroad, owning about 18 miles of railroad in city, business of which was confined to switching, classifying, and assembling cars in its yards, and switching cars between industries in city and transfer tracks of railroads engaged in intrastate and interstate commerce, is a "railroad engaged in interstate commerce," within Safety Appliance Act 1893, § 2 (45 USCA § 2; Comp. St. § 8606), and Safety Appliance Act 1903, § 1 (45 USCA § 8; Comp. St. § 8613), subject to the statutory penalty for moving a car having a coupler so defective that it could not be coupled or uncoupled without going between it and next car, notwithstanding, at time of movement involved, that car and others in connection with which it was moved were exclusively engaged in intrastate commerce.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Railroad Engaged in Interstate Commerce.]

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Action by the United States against the Fort Worth Belt Railway Company. Judgment for the United States, and defendant brings error. Affirmed.

Mark McMahon, of Fort Worth, Tex. (Cantey, Hanger & McMahon, Mark McMahon, and E. A. McCord, all of Fort Worth, Tex., on the brief), for plaintiff in error.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and M. C. List, Sp. Asst. U. S. Atty., of Washington, D. C.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error (herein called the defendant) owns and operates approximately 18 miles of railroad track in the city of Fort Worth. Its business is confined to switching, classifying, and assembling cars within its yards, and switching the same from and to industries in Fort Worth to and from transfer tracks owned by railroad companies engaged in carrying both intrastate and interstate freight to and from such transfer tracks. Cars so switched or moved by defendant include such as contain both interstate and intrastate shipments. The defendant moved over its lines, from where it was placed on a transfer track by a railroad company, a car the coupling apparatus of which was so out of repair and inoperative that the car could not be coupled or uncoupled without the necessity of a man or men going between the ends of that car and the one to which it was coupled. When that movement was made, neither that car nor any car with which it was then connected or moved contained any interstate shipment, either incoming or outgoing. Because of the above-mentioned movement of the car having the defective coupling apparatus, the defendant was adjudged liable for the penalty prescribed by the Safety Appliance Act, as amended by the Act of March 2, 1903, 27 Stat. 531, § 2, 32 Stat. 943, § 1, Comp. Stat. §§ 8606, 8613 (45 USCA §§ 2, 8).

By section 1 of the Act of March 2, 1903, the provisions of the Safety Appliance Act were so extended as to apply to "all * * * cars * * * used on any railroad engaged in interstate commerce." As the defendant uses its tracks to haul over them interstate shipments to and from their destination, it cannot plausibly be questioned that the defendant's lines constitute a "railroad engaged in interstate commerce." In behalf of the defendant it was contended that the prescribed penalty was not incurred by the movement in question, because no interstate traffic was involved in that movement. This contention is not sustainable, as it has been settled by authoritative decisions that the penalty is incurred by moving on a railroad engaged in interstate commerce a car defectively equipped as the one in question, though at the time of such movement that car and others in connection with which it is moved are engaged exclusively in intrastate commerce. Southern Ry. Co. v. United States, 222 U. S. 20, 32 S. Ct. 2, 56 L. Ed. 72; Southern Ry. Co. v. Railroad Commission of Indiana, 236 U. S. 439, 35 S. Ct. 304, 59 L. Ed. 661.

The judgment is affirmed.