PENNSYLVANIA RAILROAD COMPANY *v.* PELSOR.

[No. 13,430.   Filed October 22, 1929.]

*Charles Hamilton Peters* and *Harker & Irwin,* for appellant.

*Robert H. Moore, Lemuel Darrow, Earl Rowley* and *C. V. Shields,* for appellee.

LOCKYEAR, J.—This was an action for damages for personal injuries sustained by the appellee as an invited guest in an automobile, by reason of a collision with appellant's train at Denham, Pulaski County, Indiana.

The complaint alleges that said railroad company operated its train over and on double tracks between Chicago, Illinois, and Logansport, Indiana, through and across the town of Denham, in the daytime and nighttime, at a dangerous and rapid rate of speed, to wit: 60 to 90 miles per hour; that the defendant company had no watchman or bell at said crossing, or other signaling device. That on July 4, 1926, between the hours of 11 and 12 p. m., the appellee was traveling in a five-passenger automobile in the back seat as a passenger. The night was dark and objects could be seen but a short distance, and, as the automobile approached the crossing

of the appellant's railroad, both the driver and the appellee looked to the right and to the left to see if any trains were approaching said crossing over said tracks, but neither saw nor heard any. That the appellant carelessly operated its engine and train of cars over this crossing, and had no headlights on said engine that could be seen, and did not have any bell or whistle that could be heard by the appellee. That the appellant's engine and train collided with the automobile in which the appellee was riding and injured the appellee.

The cause was submitted to the jury on two paragraphs of complaint, and their consideration of the liability was limited to the two charges of negligence above set out, namely, failure to give signal for crossing, and failure to have a headlight. On the trial before a jury, a verdict was rendered in favor of the appellee in the sum of $20,000.

Appellant filed a motion for a new trial, which motion was overruled, upon the filing by the appellee of a *remittitur* in the sum of $5,000, and judgment was rendered on the general verdict in the sum of $15,000.

The appellant has assigned as error the overruling of its motion for a new trial, and relies mainly upon the admission, over appellant's objection, of evidence concerning headlights on the locomotive, and in the giving of instructions pertaining thereto.

It is alleged that there was error in admitting in evidence, over the objection of the appellant, the order or certificate of the Indiana Railroad Commission regarding headlights on locomotives, and also that the court erred in overruling the appellant's motion to strike said order or certificate from the evidence. The order or certificate admitted in evidence showed that, by virtue of the act of the General Assembly of the State of Indiana, Acts 1909, ch. 128, p. 323, §12814 Burns 1926, the Pub-

lic Service Commission had ordered that every railroad corporation or receiver or lessee operating any line of railroad in this state should equip all locomotives used in the transportation of trains over said roads with lights of not less than 1,500 candle power, excepting switch engines.

The same question is presented under instruction No. 8, which told the jury that: "The law of Indiana requires locomotive engines of the defendant and all railroads, other than switch engines, to be equipped with headlights of 1,500 candle power, to be lighted at night while operating such locomotives over its tracks, for the protection of persons and property, and to give timely warning of the approach of such locomotives, and to enable those in charge of the locomotive to observe persons on or near the tracks, and to give them timely warning of the approach of such locomotive. The statute is general in its terms, and, in the absence of any limit to its application, it must be construed as applying to all persons and all property which will be more adequately protected by the use of such efficient headlight." To the giving of this instruction, the appellant at the time excepted and presents the giving thereof as error.

The federal Congress has entered the field of legislation relative to the equipment of cars and locomotives, and, having done so, their jurisdiction is exclusive, and all state legislation in that field is superseded thereby, by reason of such exclusive jurisdiction in Congress. 38 Stat. at L. 1192, §30 USCA 45; 35 Stat. at L. 476, §§17-21 USCA 45; 43 Stat. at L. 659, §§22-27 USCA 45; 36 Stat. at L. 914, §§28, 29 USCA 45; *Cleveland, etc., R. Co.* v. *Public Service Com.* (1915), 183 Ind. 165, 108 N. E. 515; *Southern R. Co.* v. *R. R. Com. of Indiana* (1915), 236 U. S. 439, 35 Sup. Ct. 304, 59 L. Ed. 661; *Louisville, etc., R. Co.* v.

*State* (1917), 16 Ala. App. 199, 76 So. 505. The following cases hold that the regulation of headlights on locomotives drawing interstate trains is under exclusive federal regulation. *Nashville, etc., R. Co.* v. *Alabama* (1888), 128 U. S. 96, 9 Sup. Ct. 28, 32 L. Ed. 352; *Louisville, etc., R. Co.* v. *State, supra; Napier* v. *Atlantic Coast Line* (1926), 272 U. S. 605, 47 Sup. Ct. 207, 71 L. Ed. 432, and cases there cited.

It is contended by the appellee that the preponderance of the evidence shows that there was no light at all on the locomotive. It is true that witnesses for the appellee testified that there was no light upon the locomotive of appellant's train; but the engineer in charge testified that the headlight on the locomotive was burning brightly, both before and at the time of the accident. If there was no light burning at all, then, we might say that the error in admitting evidence of the Indiana regulation and the instructions based thereon was harmless, but there is nothing in the record to show whether the jury believed that there was no headlight or whether they believed there was a headlight burning that did not comply with the Indiana law. No interrogatories were propounded to the jury, and we cannot say that the jury believed there was no light on the locomotive.

We are obliged to conclude that reversible error appears both in the admission of the evidence concerning the regulation of headlights under the law of Indiana, and in instructing the jury in relation to the Indiana law as set out in instruction No. 8. The other errors complained of we do not consider of sufficient importance to be reviewed.

The case must be reversed for the reasons above assigned, and the minor errors are not likely to occur on a retrial of this case.

Judgment reversed.