## D. A. BEARD TRUCK LINE CO. v. SMITH et al.

### RAYBURN v. SAME.

### WINTON v. SAME.
#### Nos. 702–704.

District Court, S. D. Texas, Houston Division.

Nov. 25, 1935.

James J. Shaw and T. H. Cody, both of Houston, Tex., for plaintiffs D. A. Beard Truck Line Co. and J. E. Rayburn.

Thornton & Markwell, of Galveston, Tex., for plaintiff R. L. Winton.

William McCraw, Atty. Gen., of Texas, and George P. Kirkpatrick, Asst. Atty. Gen., of Texas, for defendants.

Before HUTCHESON, Circuit Judge, and KENNERLY and McMILLAN, District Judges.

KENNERLY, District Judge.

These are bills in equity by plaintiffs against the Governor, Attorney General,

members of the Railroad Commission, and members of the highway commission of Texas, the district attorney, and sheriff of Harris county (such district attorney and sheriff being alleged to be residents of this district and division); the two first-named plaintiffs alleging that they are common carriers, and the last-named plaintiff alleging that he is a contract carrier, by motor vehicle, in Interstate Commerce, and that they are within, and come within, the provisions of the Motor Carrier Act of 1935, enacted by Congress, and approved August 9, 1935 (49 U.S.C.A. §§ 301–327). Plaintiffs seek preliminary and permanent injunctions restraining defendants from enforcing against them an Act of the 42nd Legislature of Texas, known as House Bill No. 335 (article 911b, Vernon's Annotated Texas Revised Civil Statutes), authorizing and regulating hauling, traffic, etc., on the public highways of Texas.

The theory of plaintiffs' cases is, that Congress having chosen (Motor Carrier Act 1935) to occupy the field of legislation with respect to the transportation by motor carriers of passengers and property in interstate and foreign commerce, such state statute is superseded, and that plaintiffs may enjoin defendants from interfering with plaintiffs thereunder.

The amount in controversy is alleged to be more than $3,000, exclusive of interest and costs, and the controversy arises under the Constitution and laws of the United States, and there is jurisdiction here under subdivision 1, of section 41, Title 28, of U.S.C.A.

The defendants in their pleadings bring forward the claim that the cases involve the question of restraining the enforcement, operation, or execution of a statute of the state of Texas, and/or the enforcement or execution of an order of an administrative board or commission thereunder, and that, since plaintiffs here each pray for an interlocutory injunction, applications therefor must be heard before a court of three judges, organized under section 380, Title 28, U.S.C.A. This, plaintiffs combat.

Such applications have, by agreement, been submitted to this, a court organized under section 380, but with the further agreement that such applications are to be determined by the three judges or by the single judge, whichever shall be found to have jurisdiction.

1. None of the parties claim that this is an attack upon the constitutionality of the Texas Statute mentioned, such as was made on this statute in Stephenson v. Binford, 287 U.S. 251, 259, 53 S.Ct. 181, 77 L.Ed. 288, 292, 87 A.L.R. 721; Id.(D.C.) 53 F.(2d) 509, and such as has been made on other state statutes in many similar cases, heard under section 380. Defendants' claim is that where (as here) an interlocutory injunction is asked restraining action under a state statute, upon the ground that such state statute has been superseded by a federal statute (Chicago, etc., R. Co. v. Hardwick Elevator Co., 226 U.S. 426, 435, 33 S.Ct. 174, 57 L.Ed. 284; Southern R. Co. v. Railroad Comm. of Indiana, 236 U.S. 439, 447, 35 S.Ct. 304, 59 L.Ed. 661), application for such interlocutory injunction must be heard under section 380.

In Ex parte Buder, 271 U.S. 461, 466, 46 S.Ct. 557, 559, 70 L.Ed. 1036, a suit had been brought in a United States District Court in Missouri (First Nat. Bank v. Buder, 8 F.(2d) 883) by a national bank against the taxing officers of the city of St. Louis, to restrain the enforcement of a tax levied by the city upon the bank's stockholders, which tax was claimed by the bank to be void. Judgment went for the bank, and the taxing officers of the city moved in the Supreme Court to be allowed to file a petition for writ of mandamus against the District Judge to compel him to allow an appeal directly to the Supreme Court under section 266 (now section 380, U.S.C.A.) of the Judicial Code. The Supreme Court, in disposing of the petition for mandamus, uses this language (italics ours): "The claim that the tax is void rests, not upon a contention that the state statute under which it was laid is *unconstitutional*, but upon a contention that the statute *is no longer in force*. The state confessedly has the same power to tax the shares that it had before Congress enacted the 1923 amendment. The argument is that, as the state after 1923 had the option to tax either the shares or the income, it must manifest its election and has not done so. Whether, in order to do so, it must enact new legislation depends upon the construction of the act of Congress. Whether, if this is not necessary, it has manifested its election by the existing legislation, depends upon the construction of the state statutes. But in neither of these questions is the *constitutionality* of the state statutes involved, *and a substantial*

*claim of unconstitutionality is necessary for the application of section 266.* See Louisville & Nashville R. Co. v. Garrett, 231 U.S. 298, 304, 34 S.Ct. 48, 58 L.Ed. 229. The decree is thus not one from which a direct appeal lies to this court."

The question there is similar to the question here, and the construction given section 380 there is convincing against defendants' claim of jurisdiction thereunder here.

A state statute under circumstances such as are set forth in plaintiffs' bills is referred to in the leading cases as superseded; i. e., it is said that the power of the state to legislate has ceased to exist, and such statute becomes inoperative. Chicago, etc., R. Co. v. Hardwick Elevator Co., supra; Southern R. Co. v. Railroad Comm. of Indiana, supra; Northern Pacific R. Co. v. Washington, 222 U.S. 370, 378, 32 S.Ct. 160, 56 L.Ed. 237; Erie R. Co. v. New York, 233 U.S. 671, 681, 34 S.Ct. 756, 58 L.Ed. 1149, 52 L.R.A. (N.S.) 266; Missouri, K. & T. R. Co. v. Harris, 234 U.S. 412, 417, 34 S.Ct. 790, 58 L.Ed. 1377, L.R.A. 1915E, 942; Smith v. Alabama, 124 U.S. 465, 8 S.Ct. 564, 31 L.Ed. 508; International Shoe Co. v. Pinkus, 278 U.S. 261, 268, 49 S.Ct. 108, 73 L. Ed. 318. Nowhere do we find it referred to as unconstitutional. Nor are we impressed with the suggestion that because it is so superseded, by virtue of the Federal Constitution, it is unconstitutional, as that term is used in section 380.

Our conclusion is that the bills of plaintiffs do not bring forward the question of the constitutionality of the Texas statute attacked, so as to present a case within section 380, and that this court, organized under that section, is without jurisdiction of such bills.