The **ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 9988.**

United States Court of Appeals
Tenth Circuit.

Nov. 20, 1968.

William J. Ross, Oklahoma City, Okl. (Rainey, Flynn, Welch, Wallace, Ross & Cooper, Oklahoma City, Okl., on brief) for appellant.

Givens L. Adams, Asst. U. S. Atty., and J. Thomas Furphy, Trial Atty., Dept. of Transportation (B. Andrew Potter, U. S. Atty., on brief) for appellee.

Before PHILLIPS, HILL and SETH, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

The United States brought this action against The Atchison, Topeka and Santa Fe Railway Company to recover penalties for violations of § 1 of the Safety Appliance Act (45 U.S.C.A. § 1, 27 Stat. 531), which in part here pertinent reads:

"It shall be unlawful for any common carrier engaged in interstate commerce by railroad to use on its line any locomotive engine in moving interstate traffic not equipped with a power driving-wheel brake * *, *."

Section 8 of the Safety Appliance Act (45 U.S.C.A. § 8, 32 Stat. 943) provides that the provisions and requirements of § 1, supra, relating to power brakes on all locomotives, shall apply to any railroad engaged in interstate commerce, regardless of whether such locomotives are being used in moving interstate or intrastate traffic.[1]

---

1. See Southern Railway Company v. United States, 222 U.S. 20, 24–26, 32 S.Ct. 2, 56 L.Ed. 72; Southern Railway Company v. Railroad Commission of Indiana, 236 U.S. 439, 445, 35 S.Ct. 304, 59 L.Ed. 661; Texas & Pacific Railway Co. v. Rigsby, 241 U.S. 33, 41, 36 S.Ct. 482, 60 L.Ed. 874.

From a judgment in favor of the United States, the Railway Company has appealed.

The facts are not in dispute.

On September 21, 1966, the Railway Company was engaged in interstate commerce by railroad and operated its self-propelled Burro Crane No. 1754 at its Nowers Yard in Oklahoma City, Oklahoma, which was a part of its system of interstate commerce. On that day and at that place, the crane was used by the Railway Company to pull two push cars and push one flat car over tracks in such yard, a distance of 4,600 feet, and on the same day and in the same yard the crane was used by the Railway Company to pull and push other like cars in four other like movements.

The crane, in carrying out such movements, was being operated or used as a locomotive. The cars were loaded with material to be unloaded and used in conjunction with the crane.

The crane was equipped with foot brakes, which could be operated from the cab of the crane. It was not equipped with power brakes, which could be actuated with compressed air, electrical, steam, or vacuum power, and it was not equipped with a valve nor a brake reservoir.

The clause in the statute, "power driving-wheel brake," refers to the source of the power. It means brakes on the driving wheels of the locomotive. It is actuated by compressed air.[2]

Normally, there are two separate brake valves or appliances on the locomotive cab, one for operating the locomotive brakes independently of the train brakes, and one for the train air brakes.

"Power brake" was defined by an order of the Interstate Commerce Commission, reading as follows:

"1. Power brake. A combination of parts operated by compressed air and controlled manually, pneumatically or electrically, by means of which the motion of a car or locomotive is retarded or arrested." (App. to 49 C.F.R. § 132.3, and §§ 132.10–132.-17.)[3]

The legislative history of this statute lends support to the Commission's construction of § 1.[4]

The adjudicated cases also support the construction stated above.[5]

2. Car and Locomotive Cyclopedia (1st Ed. 1966), pp. 33, 41.

3. These sections have been renumbered in App. to 49 C.F.R. as § 232.3 and §§ 232.-10–232.17 (1967).

4. See 24 Cong.Rec. 1248, 1273–1283 (1893).

5. United States v. Fort Worth & Denver City Ry. Co., N.D.Tex., 21 F.Supp. 916, 919; In New York, New Haven & Hartford R. Co. v. Leary, 1 Cir., 204 F.2d 461, cert. denied 346 U.S. 856, 74 S.Ct. 71, 98 L.Ed. 370, the court held that the power brake provision in 45 U.S.C. §§ 1, 9, very definitely referred to air brakes, and in United States v. Erie Railroad Company, 237 U.S. 402, 35 S.Ct. 621, 59 L.Ed. 1019 and United States v. Chicago, Burlington and Quincy Railroad Co., 237 U.S. 410, 35 S.Ct. 634, 59 L.Ed. 1023, the Supreme Court used the terms "power brakes" and "air brakes" as synonymous.

In Hoffman v. New York, N. H. & H. R. Co., 2 Cir., 74 F.2d 227, 231–232, cert. denied 294 U.S. 715, 55 S.Ct. 513, 79 L.Ed. 1248, the Railroad Company was using a gasoline tractor, which ran on rails, to push a handcar out from Track No. 2 and then haul it to the Railroad Company's shops on Track No. 6, all of such movement being in its yards. The gasoline tractor was used in the yards for all kinds of switching. The motor tractor was equipped with a pedal brake, but no power brakes. The court held that the gasoline tractor was a locomotive, within the meaning of §§ 1 and 9, and was required to be equipped with power brakes, even though it was not being employed in a switching operation in the railroad yards nor in a train movement.

In Baltimore & Ohio Railway Co. v. Jackson, 353 U.S. 325, 77 S.Ct. 842, 1 L.Ed.2d 862 a gasoline-powered motor track car was being used to haul a push truck (handcar) containing equipment, material and tools. The motor truck car was equipped with a hand brake, but not with a power brake. The Supreme Court held that when a motor track car is used as a locomotive to haul or push a hand-

We think United States v. Ogden Union Railway and Depot Company, 10 Cir., 370 F.2d 540, is clearly distinguishable from the instant case. That case involved the requirement of § 9 that cars be equipped with air brakes. The instant case involves the requirement of § 1 that locomotives be equipped with power brakes on their driving wheels. In the Ogden case, the court simply held that § 9 did not apply to cars in switching operations, when such cars were not part of a train movement. Here, the locomotive was used by a railroad engaged in interstate commerce to move cars on tracks in its yard which were a part of its interstate system. We hold the locomotive was required by § 1, supra, to be equipped with power brakes on its driving wheels, even though it was only being used to move cars in its yard and the movements involved were not normal switching operations and were not train movements.

Hence, we conclude the decision of the trial court was correct, and the judgment is affirmed.

car, it is a locomotive within the meaning of § 1, supra, and is required by that section to be equipped with power-driving

wheel brakes. The court cited with approval the Hoffman case, supra, 353 U.S. at 332, 77 S.Ct. 842.