## Missouri Pacific Railroad Company v. Porter.

### Opinion delivered February 16, 1925.

1. COMMERCE—EXCLUSIVE POWERS OF CONGRESS.—Congress has exclusive power to regulate both interstate and foreign commerce, and its regulations in either field will supersede State statutes relating thereto.

2. CARRIERS—EXEMPTION FROM LIABILITY FOR FIRE LOSS.—Carriers may, under laws applicable in federal tribunals, stipulate for exemption from liability for loss by fire, but not from the consequences of their own negligence.

3. Commerce—control over commerce with non-adjacent foreign countries.—Congress, by the Cummins Amendment to the Carmack Amendment (Comp. Stat. § 8604a) did not cover the subject of commerce with non-adjacent foreign counties, and hence a stipulation in a bill of lading covering a shipment to England, exempting the carrier from liability for loss by fire, is void under Crawford & Moses' Dig., § 843.

4. Commerce—construction of act of congress.—Crawford & Moses' Dig., § 843, prohibiting carriers from limiting their statutory and common-law liability by contract, is not, as to inland carriers, superseded by Interstate Commerce Act § 25, ¶ 4, amended by Transportation Act of 1920, § 441 (U. S. Comp. St., 1923 Supp. § 8596a.), which relates only to carriers by water.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellant.

It is not denied that this shipment constituted foreign commerce. The power to regulate commerce given to Congress by the Constitution is exclusive, and a regulation of foreign commerce by the Congress under that power is exclusive and supersedes any State statute or rule. Cons. U. S. Art. 1, § 8. Where Congress has entered the field and assumed control of the subject, the the law applicable to every case within that subject is determined by Federal legislation, and the common law rules as applied in Federal tribunals, 241 U. S. 327, 60 L. Ed. 1022; 240 U. S. 612, 60 L. Ed. 827; 243 U. S. 592, 61 L. Ed. 921; 107 U. S. 102, 27 L. Ed. 325. If Congress has entered a certain field of regulation by passing legislation relative to the subject, the States are restrained from doing so, although Congress may not have covered the entire field or enacted anything inconsistent with the particular State regulation sought to be applied. 222 U. S. 370, 56 L. Ed. 237; 236 U. S. 439, 56 L. Ed. 661; 242 U. S. 255, 61 L. Ed. 276; 237 U. S. 597, 59 L. Ed. 1137, 1140; 162 Pac. 111; 212 Mo. 658; 19 L. R. A. (N. S.) 326; 236 U. S. 439, 59 L. Ed. 661, 665; 244 U. S. 147, 61 L. Ed. 1045; 222 U. S. 424, 56 L. Ed. 257; 76 So. 505; Cummins Amendment, 4 Fed. Stat. Ann. (2nd Ed.) 506, 507.

The Federal law applicable here permits the carrier to stipulate for exemption from liability for loss by fire. 226 U. S. 491; 112 U. S. 331, 28 L. Ed. 717, 720; 194 U. S.. 427, 48 L. Ed. 1053; 204 U. S. 505, 51 L. Ed. 590; 279 Fed. 929, 933

*J. C. Marshall,* for appellee.

If Crawford & Moses' Digest, § 843-844, controls, that ends the controversy, because it prohibits any contract or rule or regulation which limits the common law liability of a carrier. That statute, we contend, does apply to this shipment. 169 U. S. 133; 28 L. R. A. 718; 128 N. W. 663, 115 N W. 230; 80 S. W. 488; 25 L. R. A. (N. S.) 938; 64 S W. 511; 22 L. R. A. 335; 3 L. R. A 129; 70 N. W. 508; 64 S. E. 38; *Id.* 35; 3 L. R. A. (N S) 183; 94 Ark 407; 101 Ark 310; 111 Ark 102.

The Carmack Amendment is confined by its terms to interstate shipments. The Cummins Amendment enlarged its scope by including shipments to *adjacent* foreign countries, saying nothing about export or import shipments which pass from or to *nonadjacent* foreign countries. Therefore, as held by the interstate commerce commission and by Federal and State courts, the Carmack and Cummins Amendments have no application to these last-named shipments. 212 Fed. 324; 281 Fed. (C. C. A.) 385; 114 Alt. (Md.) 905; 52 I. C. C. 671; Roberts, Fed. Liability of Carriers, §§ 322, 327. The statute has no application to interstate shipments, as was held of the Iowa statute (*Ry.* v. *Cramer,* 232 U. S. 490), but until counsel can point to a Federal statute which has done the like as to the inland haul of shipments to or from nonadjacent foreign countries we must maintain that our statute is still intact as to that. 61 Mass. 53; 46 S. E. (Va.) 911; Traffic Law, § 2005; *Id.* § 3037 A; 91 L. R. A. (Va.) 511; 150 Ark. 571; 209 U. S. 56; 101 Ark. 313; 244 U. S. 147; 169 U. S. 613; 234 U. S. 412; 236 U. S. 434; 187 U. S. 137; 219 U. S. 453; 234 U. S. 280; 128 U. S. 96; 165 U. S. 628. See also 254 U. S. 357. Where Congress has not spoken at all, but

the State by taxation or other regulation has attempted to impose a burden upon commerce, the silence of Congress restrains the State from making the regulation; but where the State's action is not a burden upon commerce, then it must stand, unless Congress has spoken to the contrary on the same matter of regulation. 265 U. S. 298..

HUMPHREYS, J.   Appellees brought suit against appellant in the circuit court of Pulaski County, Third Division, to recover the value of seventy-five bales of cotton which they shipped from Earle, Arkansas, to Liverpool, England, on an export bill of lading, which was destroyed by fire while on the cars of appellant, before its train left Earle.

Appellant interposed as a defense the following provision in the bill of lading:

"No carrier or party in possession of said property shall be liable for any loss thereof by causes beyond its control, or by floods, or by fire, or by riots, strikes, or stoppage of labor."

A jury was waived, and the case was tried before the court, who rendered a judgment against appellant for $10,999.70, from which is this appeal.  The sole question involved on this appeal is the validity of the provision in the bill of lading, which exempts the carrier from liability for loss of the cotton by fire.  The case was submitted upon the following agreed statement of facts raising that issue:

"On October 21, 1920, the Missouri Pacific Railroad Company received from Porter, Weaver & Company, at Earle, Arkansas, 75 bales of cotton referred to in the petition, for shipment to Liverpool, England, and on said date issued to said shippers an export bill of lading, an exact copy of which is attached and made part thereof, consigning said shipment to shipper's order, Liverpool, England; that, after the execution of said bill of lading, and before said cotton had been removed by the carrier from Earle, Arkansas, and while same was on the cars of defendant, same was destroyed by a fire originating at

the compress at Earle, Arkansas, and not set by defendant; that the only issue in the case is whether, in view of the execution of the bill of lading with the condition hereinafter referred to in regard to loss by fire, the carrier is liable for such loss and damage by fire; that said export bill of lading, under and pursuant to which this shipment was made, provided that the carrier should not be liable for loss of said cotton occasioned by fire; that claim for the loss in question was timely filed and declined by the carrier, and suit thereafter was timely filed for said loss."

The provision in the bill of lading exempting appellant from liability on account of fire is a limitation upon appellant's common-law liability, and is void under § 843 of Crawford & Moses' Digest, if the shipment was controlled by the laws of the State.

Appellant contends that the shipment was governed by the Cummins Amendment of 1915 and 1916 to the Carmack Amendment, because the Cummins Amendment evidenced an intention on the part of Congress to occupy the field of regulating foreign commerce, just as the Carmack Amendment evidenced its intention to enter the field of regulating interstate commerce. Congress has exclusive power to regulate both interstate and foreign commerce, and, when it has entered upon the field of regulating either, and does regulate either, the effect is that the regulatory acts of Congress upon the subject will supersede State statutes relating thereto, and all interstate and foreign shipments will be governed by Federal legislation and the common-law rules as applied in the Federal courts. *C. N. O. & T. Ry. Co.* v. *Rankin,* 241 U. S. 327; *So. Exp. Co.* v. *Byers,* 240 U. S. 612; *St. L. I. M. & S. R. Co.* v. *Starbird,* 243 U. S. 592; *Mich. Cent. R. Co.* v. *Myric,* 107 U. S. 102. Carriers are permitted, under the law applicable in the Federal tribunals, to stipulate their exemption from liability for loss by fire, except that it cannot exempt itself from consequences resulting from its own negligence. *Hart* v. *Pa. R. Co.,* 112 U. S. 331. Liability in the instant case, then,

depends upon whether the Cummins Amendment to the Carmack Act has covered the field of regulating commerce with foreign nonadjacent countries. The liability paragraph of the Carmack Act reads as follows:

"That any common carrier receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor, and shall be liable to holder thereof for loss, damage," etc. The Cummins Amendment inserted therein the following words: "or from any point in the United States to a point in an adjacent foreign country." Did the insertion of these words evince an intention on the part of Congress to cover the entire subject of regulating foreign commerce? We think not. The plain language of the amendatory act reflects that Congress was dealing only with commerce with adjacent foreign countries. There is not an indication in the amendatory act that Congress intended to regulate commerce with non-adjacent foreign countries. We think it inconceivable that Congress would manifest its intention to enter the field of regulating commerce with non-adjacent countries by indirection. We are unable to gather an intention on the part of Congress to regulate commerce with non-adjacent foreign countries because it enacted regulatory measures relating specifically to commerce between adjacent countries. Such an inference would be far-fetched and unreasonable. The subject of commerce with adjacent foreign countries and with non-adjacent foreign countries are separate and distinct, so it cannot be inferred that Congress, in dealing with one subject, intended to embrace both.

Since Federal laws have not been passed covering the field of regulation of loss in shipments of this character, the shipment is governed by § 843 of Crawford & Moses' Digest. Our attention has been called to paragraph 4 of § 25 of the Interstate Commerce Act, as amended by the Transportation Act of 1920 (Fed. Stat. Ann. 1920 Supp. p. 124), in support of the contention that § 843 of Crawford & Moses' Digest has been superseded by the Federal

law . The only provision in the section relative to limited liability refers to a carrier by water, and does not relate to the issue involved in this case of limited liability of an inland carrier.

Having concluded that the stipulation in the bill of lading exempting appellant from liability on account of loss by fire is void under § 843 of Crawford & Moses' Digest, which prohibits a carrier from limiting its common-law liability as an insurer against loss by fire, it becomes unnecessary to discuss and decide other questions argued in briefs of learned counsel for the respective parties.

No error appearing, the judgment is affirmed.