ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. WAUCHULA TRUCK GROWERS' ASSOCIATION, A CORPORATION, *Defendant in Error*.

Division B.

Opinion Filed March 1, 1928.

*Kelly, Sutton & Shaw,* for Plaintiff in Error;

*S. D. Williams,* for Defendant in Error.

TERRELL, J.—Wauchula Truck Growers' Association sued the Atlantic Coast Line Railroad Company in a common law action and recovered a judgment in the sum of Six Hundred Twenty-five and Eighty-five One Hundredths Dollars ($625.85), as principal, together with interest from March 16, 1923, to date of said judgment, March 22, 1926. Writ of error was taken to this Court.

The declaration was in three counts. The first count charges delay or negligence in transporting a car of strawberries from Wauchula, Florida, to Minneapolis, Minnesota. The second count charges that defendant furnished complainant a bad ordered car in which to load said berries for transportation, and the third count alleges negligence incident to transferring said berries from the car in which they were loaded to another car while in transit.

Error is predicated here on (1) Refusal of the trial court to direct a verdict for the defendant at the conclusion of plaintiffs testimony, (2) Failure of the *probata* to meet and correspond with the *allegata,* (3) Refusal of the trial court to direct a verdict for defendant at the conclusion of all the testimony, and (4) Refusal of the trial court to grant defendants motion for a new trial.

The first and third assignments of error relate to the same subject matter and will be treated jointly. These assignments are grounded on proof of defendants third plea to the declaration, which plea is as follows:

"3. And for the third plea to plaintiff's declaration and each and every count thereof, this defendant says that the shipment mentioned in plaintiff's declaration was accepted for transportation and delivery under straight bill of lading, which constituted a contract between the parties hereto, and that amongst other terms and conditions it was provided and stipulated in said bill of lading that 'suits for loss, damage, injury or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed, provided that in case the claim on which suit is based was made in writing within six months, or nine months in case of export traffic (whether or not filing of such claim is required as a condition precedent to recovery), suit shall be instituted not later than two years and one day after notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice.' And this defendant alleges that after it received for transportation and delivery and after it had delivered the said shipment as specified, the said plaintiff made claim against defendant company and that defendant company, more than two years and one day prior to the institution of this suit, in writing advised the plaintiff that it had allowed the said claim of the said plaintiff or certain parts thereof."

This provision in the contract for transportation and delivery as quoted in defendants third plea, was authorized by Section 438 of the Transportation Act of 1920 (see Federal Statutes annotated, supplement 1920, page 119), which is as follows:

"Provided further, That it shall be unlawful for any such common carrier to provide by rule, contract, regulation or otherwise a shorter period for giving notice of

claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for the institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice.''

The record discloses that the berries in question were shipped from Wauchula, Florida, March 9, 1923, and were diverted at Chicago where they were sold for Five Hundred Eighty and Twenty-five One Hundredths Dollars ($580.25). It is contended by appellant that they should have brought $1,377.60, so claim was promptly made to appellant for the difference between these amounts. On July 9, 1923, the claim adjuster for appellant addressed a letter to appellee which, after reviewing the whole matter, concluded as follows:

''Without prejudice to any party concerned, and strictly in view of a compromise adjustment, I am willing to pay $300.00 in full settlement of this claim. If this offer is accepted, it will be necessary that you furnish me with the original Paid Freight Bill which you failed to send in with the other papers.''

The conclusion of this letter with other testimony shows a clear denial of a large portion of appellee's claim, and this action having been brought October 27, 1925, more than two years and one day after such disallowance on July 9, 1923, it is barred under the terms of the contract between appellant and appellee for transportation and delivery which by virtue of Section 438 of the Transportation Act as here quoted were permitted to be imposed.

It was also error to admit in evidence depositions taken in a former suit predicated on the same cause of action without showing that said depositions had been preserved and perpetuated in accordance with the statutes of this

State and rules of practice affecting the same. Section 2769, Revised General Statutes of Florida.

Other assignments become unimportant. For reasons here announced the motion for directed verdict in favor of defendant at the conclusion of all the testimony should have been granted.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the judgment and opinion.