Atlantic Coast Line Railroad Company, a corporation, *Plaintiff in Error,* v. Chase & Company, a corporation, *Defendant in Error.*

146 So. 658.
Opinion filed March 13, 1933.

*W. B. Crawford* and *W. B. Parks,* for Plaintiff in Error; *Maguire & Voorhis,* for Defendant in Error.

DAVIS, C. J.—Chase & Company sued the Atlantic Coast Line Railroad Company for the negligent transportation of a carload of celery from Wagner, Florida, to Chicago, Illinois. The action was in tort. Plaintiff recovered $1,-

132.96 as damages, with interest thereon from date of filing suit. The railroad company brings error.

The shipment in question was shown to have been accepted for transportation and delivery in interstate commerce, under a bill of lading which, under the applicable Federal laws on the subject, constituted the contract of affreightment. It was provided in said bill of lading as follows:

"Suits for loss, damage, injury or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after reasonable time for delivery had elapsed provided that in case the claim on which suit is based was made in writing within six months (whether or not filing of such claim is required as a condition precedent to recovery) suit shall be instituted not later than two years and one day after notice in writing shall be given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice."

Such contractual limitation as the foregoing, contained in a bill of lading covering an interstate shipment of goods by rail, is in accord with the terms of the U. S. Transportation Act of 1920 (Feb. 28, 1920, 91 Stats. 491, 49 U. S. Code Ann. Section 20 [11] Interstate Commerce Act), and is valid and enforceable according to the intent of the Federal law. The Federal law on the subject has superseded all state statutes to the contrary, insofar as interstate shipments of goods are concerned. See A. C. L. R. R. Co. v. Wauchula Truck Growers Assoc., 95 Fla. 392, 118 Sou. Rep. 52; Missouri, Kansas & T. R. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; Ellis v. Davis, 260 U. S. 682, 43 Sup. Ct. 243, 67 L. Ed. 460; Chicago & N. W. Ry. Co. v. Bewsher, 6 Fed. (2nd) 947.

Only in the event a bill of lading is completely silent on the subject of an agreed period of limitation for bringing actions, can a state statute of limitations apply to it. We construe the Federal statutes as authorizing, but not requiring, a Federal contract on the subject of limitations of time for bringing actions, to be made through provisions inserted in bills of lading issued by railroad companies to cover the transportation of interstate shipments of goods.

The invocation by the carrier of the paramount Federal right, given by the Federal statutes, to insert in bills of lading covering interstate shipments, provisions concerning a contractual limitation of time for bringing suits on the obligation assumed by the carrier under the bill of lading, inures to the benefit of the shipper as well as the carrier, and the shipper's right of action will not be barred in a less period of time, than that stipulated in the bill of lading, although state statutes exist which do provide for a shorter period of limitation on actions, that would be applicable to the shipment in the absence of a limitation by contract, set forth in the authorized form of bill of lading used.

Other points raised and argued, both orally and in the briefs, have had our careful consideration. They merit no detailed discussion in this opinion. The case was tried by the judge without a jury. There is substantial evidence to sustain the trial judge's findings which, under the circumstances, have the weight of a jury's findings.

An obligation was on the railroad company to furnish to the shipper proper railroad equipment for the transportation of plaintiff's carload of celery. The equipment furnished was without the necessary permanent false floors which were shown to be reasonably necessary to insure safe transportation of celery in a refrigerator car. That the celery was lost through deterioration in transit, as a result of the lack of permanent false floors in the cars, which

under the circumstances here shown, it was the duty of the railroad company to furnish as part of its regular equipment for the particular shipment accepted by it, cannot be successfully refuted on this record. See 56 Interstate Commerce Commission Reports 540. Therefore there is no occasion for a new trial and motion for new trial was properly denied. The judgment should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN, and BUFORD, J. J., concur.