## REEVES v. GLOBE INDEMNITY CO. OF NEW YORK.
### No. 1521.

Court of Appeal of Louisiana. First Circuit. Dec. 9, 1935.

McCloskey & Benedict, of New Orleans, for appellant.

Taylor, Porter & Brooks, of Baton Rouge, for appellee.

DORE, Judge.

This case was first appealed to the Supreme Court, and on the motion of the defendant and appellee to dismiss the appeal the same was transferred to this court for adjudication. See Reeves v. Globe, etc., 182 La. 905, 162 So. 724, 725. In its decision the Supreme Court held:

"This is a suit for damages for physical injuries, and this court is therefore without jurisdiction ratione materiæ."

The issue was squarely before that court as to whether the action was one ex contractu or ex delicto, and it was held to the legal category of actions ex delicto. We can therefore proceed to an examination of the legal questions here involved on the assumption that we are dealing with an action in tort, and which, under our view, practically narrows the issues to one isolated question, thus: In the total absence of any cause of action known to our law, does the simple service of a petition and citation interrupt the prescription of one year as to actions ex delicto under Civ. Code, art. 3536?

The plaintiff in this suit elected to proceed solely against the indemnifying insurance company for injuries suffered by her while riding in the automobile of the assured, driven by another but in his presence and under his direction.

The original petition alleged no fault or negligence on the part of the assured or the driver, and it is quite apparent that able counsel for plaintiff either did not have the policy before them when the petition was prepared, or else lost sight entirely of the plain intendment of the contract of indemnity issued to the owner of the car by the defendant insurance company. However this may be, the defendant promptly filed an exception of no cause of action to the original petition; but before the exception was acted upon, plaintiff supplemented and amended the original petition by alleging specific acts of negligence on the part of the assured and his driver. Now, it is admitted that *more than one year* elapsed between the accident and the filing of the supplemental petition which alone notified the defendant of alleged acts of negligence and fault on the part of the assured. Of course, the mere fact that the plaintiff was injured while a guest in assured's automobile created no liability as to him, and consequently none as to the defendant insurance company. Under the decision of the Supreme Court in this case that the action is to be legally classified as one ex delicto, plaintiff is entirely relegated to the provisions of article 2315, Revised Civil Code, and hence "fault" and negligence must be *alleged* and proven. The only possible theory upon which the plaintiff could recover from the indemnifier insurance company is that insured, whose guest she was, was at fault and hence himself liable, for here is what the policy, under the heading "Insuring Agreements," provides:

"To pay to the persons entitled thereto any sums for which the Insured shall become liable as damages imposed by law by reason of the ownership, maintenance or use of any automobile, subject to the agreements, conditions and limitations herein provided, etc."

It is too plain for argument that plaintiff was under strict legal necessity to allege and prove that the assured himself was liable to her for "damages imposed by law," and that such damages could only accrue by reason of some "fault" upon his part or upon the part of those for whose acts he was responsible, and under article 2315, C.C. True, the plaintiff's pleader drew certain legal conclusions in his peti-

tion and did allege in article III "an accident occurred within the purview of the terms of the policy, etc.," and under article XII specifically reserves her rights against the assured "or others liable for her injuries, etc.," but the petition as a whole utterly fails to allege any semblance of cause of action against the assured or the defendant. We have studiously read the decisions of our Supreme Court and of this court cited by counsel for plaintiff in support of their position that, even an informal and insufficient citation and petition, and which in themselves could not form the basis of a suit, would nevertheless serve to interrupt prescription. They cite the case of Vernon v. Illinois Cent. R. Co., 154 La. 370, 97 So. 493, 494, as typical of their contention, and wherein it was held:

"Article 3518, Revised Civil Code, reads as follows:

" 'A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.'

"Construing that article, this court has decided in numerous cases that a citation to defendant, no matter how informal or insufficient to serve as the basis of a suit and judgment, nevertheless generally sufficed to interrupt prescription."

That case had to do largely with the citation and service of petition, and no question appears to have been raised as to the sufficiency of the allegations in the original petition. The real question, therefore, was whether a petition and citation directed against the Illinois Central R. R. while under the Federal Control Act of Congress (40 Stat. 451, 41 Stat. 34), but actually and timely served on the Director General, served to interrupt prescription as to the suit subsequently instituted directly against the Director General.

■ Nor do we think the other cases cited by plaintiff's counsel in any wise sustain the position assumed by them that the service of a petition wholly lacking in essential and prerequisite averments will serve to interrupt the prescription. The mere fact that one has been cited to appear in court and answer, within a prescribed delay, the attached petition containing a moneyed prayer, amounts to nothing in law unless it contains "a clear and concise state-

ment of the object of the demand, as well as of the nature of the title, or the cause of action on which it is founded." Code Prac. art. 172. In this case we can assume as proven every allegation in the plaintiff's petition, and yet no court could hold the assured or his insurer liable in damages. The plaintiff has practically conceded this point by filing his belated supplemental petition carrying allegations of fault and negligence on the part of the assured.

■ This very court, Second Circuit, quite recently had this identical question to solve. See Chennault v. Stovall et al. (La. App.) 160 So. 146. In that case the court reviewed all of the pertinent jurisprudence on the subject, and pointedly held:

"Amendment will not relate back to time of filing original pleadings so as to avoid bar of limitations, where original pleading fails to state any cause of action."

On this branch of the case, we are bound to conclude that the filing of the supplemental and amended petition did not serve to interrupt the prescription of one year already accrued.

■ Counsel for plaintiff, however, insists that the contract of insurance itself stipulates a prescriptive period of two years for the institution of suits against it on the contract of indemnity. They argue that the defendant has waived any statutory limitation of one year, and that, to all intents and purposes, the company wrote its own prescription and must be held to that stipulation, rather than to the statutory prescription of one year prescribed by article 3536 of our Civil Code.

Counsel for the defendant insurance company has well argued this point in their original brief, and we think satisfactorily answered the contention of the plaintiff's counsel. We quote the following from defendant's brief:

"Counsel makes the argument, in the alternative, that under 'Paragraph 1,' title 'Action against Company' providing for conventional prescription of two years for institution of suit, the supplemental petition was timely filed. It is perfectly obvious from a casual reading of this paragraph, in conjunction with paragraph K, that 'Paragraph 1' has reference to suits on the policy contract only after the claim has been reduced to judgment, or after the parties have agreed on the settlement, and not when suit to establish liability for alleged negligence is filed. The language used is:

" 'Action against Company 1. No action shall lie against the company to recover upon any claims or for any loss under Insuring Agreements 1 and 11 unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by judgment against the Insured after trial of the issue or by agreement between the parties with the written consent of the company nor unless brought within two years thereafter.'

"In other words, after the claim is reduced to judgment, or after the parties have agreed on a settlement with the written consent of the company, suit must be brought on the indemnity contract within two years thereafter. If not brought within this time, then the claim is barred. We submit that this is the plain meaning of this clause, but even if it could be construed as counsel would have Your Honors construe it, it would be modified by paragraph K, which reads as follows:

" 'Conflicting Statutory Provisions K. If any condition or agreement or any other part of this policy is at variance with any specific statutory provision in the State in which an accident occurs, such specific statutory provision shall be substituted for such condition, agreement or part.' "

Therefore, even if counsel's interpretation of paragraph 1 of the policy contract were correct (and we submit that it is not), since the prescriptive period for tort actions is one year (Civ.Code, art. 3536), and since the two-year period conflicts with a "specific statutory provision," paragraph 1 is modified by paragraph K and the prescriptive period is not extended from one to two years.

"Any other interpretation of these provisions of the policy contract would do violence to the English language. Moreover, such provision would be illegal and unconstitutional in this state under article 3460 of the Revised Civil Code, reading as follows:

" 'One can not renounce a prescription not yet acquired, but it is lawful to renounce prescription when once acquired.' "

As the above reasoning squares with our interpretation of the clause in question, further elaboration is not needed. Having arrived at the conclusion that the judgment of the district court is correct in sustaining the plea of prescription and dismissing the plaintiff's suit, the same is hereby affirmed.