## SCHEIBEL v. AGWILINES, INC.
### No. 247, Docket 20156.

Circuit Court of Appeals, Second Circuit.
June 21, 1946.

Debevoise, Stevenson, Plimpton & Page, of New York City (Edward C. McLean, of New York City, of counsel), for appellant.

Burlingham, Veeder, Clark & Hupper, of New York City (Ray Rood Allen, Burton H. White and C. B. Manley O'Kelley, all of New York City, of counsel), for appellee.

Before SWAN, CLARK and WOODBURY, Circuit Judges.

SWAN, Circuit Judge.

By this action the plaintiff sought damages for personal injuries sustained by him on May 16, 1939 while a passenger on the defendant's steamship. He purchased a ticket in Florida for transportation from Miami to New York City. Shortly after going aboard and while the vessel was still in Florida waters, he had a fall by reason, as he claims, of the defendant's negligence in failing to fasten a strip of carpeting laid on a polished floor adjacent to the Purser's office. On May 13, 1941 the plaintiff brought this action in a New York court. Because of diversity of citizenship it was removed to the federal court, where it was tried to a jury. At the close of the plaintiff's case the defendant rested and moved for a directed verdict on the ground that the action was not commenced within the one year period limited by the ticket contract.[1] Reserving decision upon the motion, the trial judge submitted the case to the jury which found a verdict for the plaintiff in the sum of $14,750. Thereupon the defendant moved to set aside the verdict and renewed its motion for a directed verdict in its favor. These motions were granted, and from the resulting judgment the plaintiff has appealed.

The questions raised by the appeal are whether the ticket provision is invalid by reason of a Florida statute, whether there was evidence from which the jury might properly find that defendant waived or is estopped to rely upon the ticket limitation, and whether the court erred in excluding evidence offered for the purpose of proving waiver by defendant of the ticket limitation. These questions will be discussed in the order stated.

Section 95.03 of Florida Statutes Annotated provides: "All provisions and stipulations contained in any contract whatever entered into after May 26, 1913 fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section."

■ If this provision is applicable to the plaintiff's ticket contract, his action was timely because the Florida statute of limitations, section 95.11, as interpreted by the local courts, allows four years for the bringing of actions for personal injuries. Warner v. Ware, 136 Fla. 466, 182 So. 605. The district court held that the Florida statute was not applicable because of the federal statute, 46 U.S.C.A. § 183b, printed in the margin.[2]

---

[1] The limitation clause of the ticket reads as follows: "11. Notwithstanding any other limitation by law or that the Company may be a foreign corporation or non-resident, no suit shall be maintained against it in any jurisdiction nor shall the Company be liable, for damages for breach of this contract or for delay, loss or injury to any person or property or for death of any person, unless written notice of the claim is presented to the Company within 30 days after the claim arose and unless also suit is commenced within 6 months after the claim arose; provided that in any case where U.S.R.S. § 4283A [46 U.S.C.A. § 183b] shall apply, the period for giving notice of, or filing claims for loss of life or bodily injury, shall be 6 months, and for the institution of suits on such claims shall be 1 year, computed from the day when the death or injury occurred."

[2] The statute provides that "It shall be

The appellant argues that by enacting § 183b Congress merely "entered" the field but did not "occupy" it; that the federal legislation says no more than that contractual periods of limitation shorter than one year are unlawful, thus leaving room for state legislation to prescribe a longer period. But we think the appellee's argument that the federal statute preempts the field is more persuasive. Section 183b, although added in 1935, is an integral part of Title 46, Chapter 8 entitled "Limitation of Vessel Owner's Liability." This chapter provides a comprehensive body of regulations declaratory of federal policy with respect to the specific matters with which they deal. Thus, section 181 protects the owner from liability to shippers of specified goods who fail to disclose their nature; section 182 protects him against losses due to fire not caused by his neglect; and section 183 sets limits to the extent of his liability. The purpose of these provisions was to encourage ship-building and they should be liberally construed in the ship-owner's favor. Coryell v. Phipps, 317 U.S. 406, 411, 63 S.Ct. 291, 87 L.Ed. 363; The Chickie, 3 Cir., 141 F.2d 80, 85. Read in this context, section 183b is not, as the appellant argues, an isolated enactment whose negative language should be narrowly construed, but is a declaration of Congressional policy as to lawful contractual time limitations and one which in the interest of uniformity should be construed to exclude state statutes of limitation. See Moore v. American Scantic Line, Inc., D.C.S.D.N.Y., 30 F.Supp. 843, 846, 847, affirmed, 2 Cir., 121 F.2d 767. That state statutes must yield so that uniformity may prevail in interstate transportation has been recognized by the courts even though there was no federal legislation dealing expressly with suit clause limitations; see Missouri K. & T. R. v. Harrinan, 227 U.S. 657, 672, 33 S.Ct. 397, 57 L.Ed. 690; Missouri Pacific R. Co. v. Porter, 273 U.S. 341, 346, 47 S.Ct. 383, 71 L.Ed. 672; Cudahy Packing Co. v. Munson S. S. Line, 2 Cir., 22 F.2d 989, 901, certiorari denied 277 U.S. 586, 48 S.Ct. 433, 72 L.Ed. 1000; or though the legislation was in negative form similar to section 183b. See Atlantic C. L. R. Co. v. Wauchula Truck Growers Ass'n, 95 Fla. 392, 395, 118 So. 52; Atlantic C. L. R. Co. v. Chase & Co., 109 Fla. 50, 146 So. 658. These authorities seem to us more in point than cases cited by the appellant which have sustained additional or supplemental state regulations. Accordingly the district court was right in ruling that the one year limitation in clause 11 of the ticket contract barred the action, Foster v. Cunard White Star, Ltd., 2 Cir., 121 F.2d 12; Murray v. Cunard S. S. Co., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371, unless the defendant waived, or was estopped by its conduct to rely on, the ticket limitation.

The issue of estoppel was submitted to the jury and was determined in the plaintiff's favor, but the verdict was later set aside on the ground that there was no evidence to support it. The correctness of this ruling is the second question presented by the appellant. It appears that by letter of June 7, 1939 to the ship's doctor the appellant presented his claim; he received a reply from Mr. Howell, manager of the defendant's casualty department, asking him to consent to an examination by a doctor of the defendant's selection. He promptly gave consent and on June 29th was requested to arrange with Dr. Kinne for a physical examination. He telephoned Dr. Kinne who said that he would call "some time when he got ready." Having heard nothing further from Dr. Kinne or from the defendant, the plaintiff again wrote the defendant on September 20, 1939. This resulted in a call by Mr. Bohan, a claim agent of the defendant, and thereafter on October 27th Dr. Kinne examined the plaintiff. Nothing further happened

---

unlawful for the * * * owner of any sea-going vessel * * * transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred." This provision is applicable to interstate voyages between domestic ports. Burstein v. United States Lines Co., 2 Cir., 134 F.2d 89, 90.

until January 27, 1940 when he wrote Mr. Bohan: "Kindly advise what the status is at the present time of my claim against the Clyde-Mallory Lines." Mr. Howell replied under date of February 10th, saying that "we have made several efforts to have a physical examination made by Dr. Kinne of your town. Up to this writing we have not succeeded and we must say we cannot take this matter up farther until an examination has been made by Dr. Kinne as agreed to by you." This letter was received by the plaintiff shortly before he departed for Florida and he left it unanswered until after his return in May. Not until June 6, 1940, which was more than a year after his accident, did he reply to the letter, stating that he had been examined by Dr. Kinne in the previous October and that unless an honest effort to settle his claim were made he would employ an attorney to protect his interests. Some time in the summer of 1940 Mr. Bohan again called on the plaintiff. The conversation between them was excluded but the plaintiff offered to prove that Mr. Bohan made an offer of settlement and in so doing made no reference to any provisions of the ticket.

■■ We think it clear that the correspondence between the parties will not support a finding that the defendant was estopped to assert the contract limitation for beginning suit. Mr. Howell's letters requesting that the plaintiff submit to a physical examination were stated to be "without prejudice." Nothing in the nature of a promise of settlement appears in any of the letters, and the plaintiff made no offer to prove that Bohan's October conversation related to anything other than the physical examination. Even had Bohan then talked of settlement, this would not of itself have effected an estoppel; to have that effect the defendant's conduct must be such as to have induced the plaintiff, in reliance upon it, to refrain from bringing suit. Reynolds v. Detroit Fidelity & Surety Co., 6 Cir., 19 F.2d 110; Allen v. Dutchess County Mut. Ins. Co., 95 App. Div. 86, 88 N.Y.S. 530. Mr. Howell's letter of February 10th was received three months before the contract limitation expired and contained nothing to justify the plaintiff in ignoring it during his sojourn in Florida. We can find nothing in the defendant's conduct or correspondence which can reasonably be thought to have induced the plaintiff to refrain from bringing a timely suit.

■■ There was no error in excluding Bohan's conversation with the plaintiff in the summer of 1940 after the time for suit had expired. An offer of settlement after the year had elapsed would be ineffective as a waiver. See W. R. Grace & Co. v. Panama R. Co., 2 Cir., 12 F.2d 338, 340, certiorari denied 273 U.S. 715, 47 S.Ct. 108, 71 L.Ed. 855; The Texas Maru, 2 Cir., 13 F.2d 538, 541, certiorari denied 273 U.S. 736, 47 S.Ct. 244, 71 L.Ed. 866. Hence, if federal law is to be applied, the conversation was irrelevant. If, as the appellant contends, we must apply New York law, he fares no better, because the ticket contained a provision that "No agent, employee or other representative of the company has power to alter, modify or waive in any manner any of the terms or conditions named in this ticket except by a written waiver signed by the Passenger Traffic Manager of the Company." See Clegg v. St. Louis & S. F. R. Co., 8 Cir., 203 F. 971. Therefore Bohan had no power to waive the ticket limitation, even if a waiver by an authorized agent may be effectively made after the expiration of the limitation period. See Cheney Piano Co. v. New York Central & Hudson River R. R. Co., 166 App.Div. 706, 152 N.Y.S. 285 affirmed 222 N.Y. 557, 118 N.E. 1050. The case upon which the appellant relies to avoid the "no waiver" clause of the ticket, Syracuse Lighting Co. v. Maryland Casualty Co., 226 N.Y. 25, 122 N.E. 723, will not avail him, because as the court said at page 36 of 226 N.Y., 122 N.E. 727: "The waiver or estoppel found in this case is not based upon any transaction with an agent of defendant, but rather with dealings directly between plaintiff and defendant."

Bohan was clearly a subordinate agent and not like the relinquisher in the Syracuse case, the manager of the Claim Divi-

sion, whom the court identified with the corporation itself.

We are of opinion that the court was right in setting aside the verdict and dismissing the complaint. Judgment affirmed.