McBride, judge.
The defendant railroad company, a common carrier by rail for hire, and engaged in interstate commerce, received from Neuss Hesslein & Company, Inc., plaintiff, on April 17, 1942, at Speigner Alabama, for shipment to New Orleans, Louisiana, five bales of unfinished cotton piece goods, alleged to be of a value of $1,308. The goods were consigned to a freight forwarding agent in New Orleans for the account of plaintiff, and upon their arrival in New Orleans, about June 15, 1942, plaintiff’s freight forwarding agent instructed the defendant railroad company to deliver the shipment to United Fruit Company, which is also named as a defendant, for export, and the defendant railroad company accepted the instructions and agreed to deliver the shipment to the United Fruit Company.
Plaintiff brings this suit against both the railroad company and the United Fruit Company for the value of the shipment, on the allegations that the defendant railroad company claims to have delivered the shipment to the United Fruit Company, and that the United Fruit Company claims never to have received the same, and that despite amicable demand by plaintiff both defendants have failed, neglected, and refused either to deliver or to produce said goods, or to pay plaintiff the value thereof.
The Louisville & Nashville Railroad Company answered the petition, and sub *856 sequently filed an exception of prescription, based on the ground that more than two years had run between the time that the claim arose, namely, April 17, 1942, and the date upon which the suit was filed, November 29, 1944, and that under the provisions of Louisiana Act 223 of 1914, now LSA-RS 45 :1100, the claim is prescribed. The United Fruit Company, first filed a plea of prescription of one year as established ¡by the Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1303, and after this exception had been referred to the merits of the case, said defendant filed its answer denying that it had ever received the shipment or issued any receipt therefor, and disclaiming liability for the merchandise.
' After the matter was tried on its merits, the lower court rendered judgment sustaining the plea of prescription of two years filed by the defendant railroad, and dismissed the suit as to said defendant. The judgment also dismissed the suit as to United Fruit Company on the merits of the case. Plaintiff has appealed.
We have examined the evidence, and are convinced that the defense of the United Fruit Company, that it had never received the shipment from the railroad, is valid, and the judgment insofar as it dismisses the suit against United Fruit Company is correct.
We are concerned, then, with that portion of the judgment sustaining the plea of prescription of two years, filed by the Louisville & Nashville Railroad Company.
In connection with the shipment, the railroad company issued its bill of lading, which contained these provisions: “(b) As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier,' or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suits shall be instituted against carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.”
The predicate for the railroad’s plea, Act 223 of 1914, the source of LSA-RS 45:1100, reads: “All actions by or against common carriers for the collection or recovery of erroneous freight charges, and all actions for loss of or damage to shipments of freight, shall be prescribed by the lapse of two years, from the date of shipment.”
Appellant contends that the time for filing suit, as stipulated in the railroad’s bill of lading, conforms in all respects to, and in effect tracts, the following language of the Transportation Act 1920, Chap. 91, 41 Stat. at L. 456, 494, Fed.Stat.Anno.Supp. 1920, p. 119, 49 U.S.C.A. § 20(11), viz.: “That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice”.
Counsel argue that Congress, by virtue of the above quoted section of the Transportation. Act, has endowed shippers, where so provided in the, bill of lading, with a period of two years from the time the claim has been denied by the carrier, within’ which to file suit against the carrier, and that accordingly, the local Act 223 of 1914 has no application. In short, counsel assert that where the parties agree to do so, they can contract for a longer period of limitation than á state statutory period of prescription Kbercmdi causa.
*857 It is not open to dispute that Congress has full power to pass a statute of limitation applicable to cases such as the instant one. Nor can it be disputed that Congress has not seen fit to adopt such a statute.
It has been held by the United States Supreme Court, in Louisiana & W. R. Co. v. Gardiner, 273 U.S. 280, 47 S.Ct. 386, 387, 71 L.Ed. 644, and also by the Supreme Court of Louisiana, in Paul Klopstock & Co., Inc., v. United Fruit Co., 177 La. 811, 149 So. 462, that there is no federal statute of limitation applicable to an action in damages against a common carrier for damage to freight in transit in an interstate shipment, or for delay in its delivery to the consignee.
Louisiana & W. R. Co. v. Gardiner, supra,, seems to be the leading case on the subject now before us for consideration. The defendant railroad company there successfully relied upon Act 223 of 1914 in the lower court, while the shipper relied upon the ¡bills of lading, which contained a clause to the effect that suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property. On appeal, the judgment was reversed, the Court of Appeal, First Circuit, saying: “* * * State laws limiting time for bringing suit on interstate shipments are superseded by Carmack Amendment.”
In reversing the Court of Appeal, the United States Supreme Court said:
“The bills of lading issued by petitioner undertook to restrict the institution of suits for loss to two years and one day after delivery of the property. This restriction does not accord with the Transportation Act which declared unlawful any limitation shorter than two years from the time notice is given of the disallowance of the claim, and is therefore ineffective. See Chicago & N. W. R. Co. v. Bewsher, 8 Cir.; 6 F.2d 947. But neither the above-quoted provision from the Cum-mins Amendment nor the one from the Transportation Act was intended to operate as a statute of limitation. They restricted the freedom of carriers to fix the period within which suit, could be brought — prohibited contracts for any shorter period than the one specified.
“Here, although the rights of the parties depended upon instruments the meaning and effect of which must be determined according to rules approved by the federal courts, there was no federal statute of limitations and the local one applied. Campbell v. City of Haverhill, 155 U.S. 610, 613, et seq., 15 S.Ct. 217; 39 L.Ed. 280 [281]; Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241, [244]; Meeker v. Lehigh Valley R. Co., 236 U.S. 412, 423, 35 S.Ct. 328, 59 L.Ed. 644 [654, P.U.R.1915D, 1072], Ann.Cas.1916B, 691.”
It seems to us that the holding in the Gardiner case imposes an insuperable barrier to plaintiff's success here. Plaintiff, however, endeavors to draw a distinction between the Gardiner case and the instant one, and argues that the only effects of the decision were to invalidate the time for suit clause contained in the bills of lading, because such clause did not accord with the provisions of the Transportation Act, and to apply the local prescriptive statute, Act 223 of 1914, in the absence of a federal statute of limitation per se. Say counsel in their brief:
“There can be no doubt that the decision would have been otherwise had the carrier’s bill of lading conformed with the provisions of the Transportation Act, as it does in the case at bar for, in such event, the ¡bill of lading provision would have been valid and thus entitled to the 'force of a statute.’
‡‡‡‡‡‡‡‡‡‡
“Therefore, Act 223 of the Louisiana Legislature of 1914 has no bearing on nor in any way governs the validity of a time for suit clause in the bill of lading of an interstate carrier. The validity of such a clause is determined solely by whether or not it conforms to the terms of the Transportation Act. If it does conform, the clause has the force of a Federal Statute.
“That the Gardiner decision has no bearing on a case where the limitation clause *858 in a bill of lading conforms to> the Federal Statute is made abundantly clear *
Appellant cites and stresses the case of Atlantic Coast Line R. Co. v. Chase & Co., 109 Fla. 50, 146 So. 658, wherein the Court made the following observation:
“Such contractual limitation as the foregoing, contained in a bill of lading covering an interstate shipment of goods by rail, is in accord with the terms of the U. S. Transportation Act of 1920 (Feb. 28, 1920, 41 Stat. 491, 49 U.S.C.A. § 20 (11), Interstate Commerce Act), and is valid and enforceable according to the intent of the federal law. The federal law on the subject has superseded all state statutes to the contrary, in so far as interstate shipments of goods are concerned. See Atlantic Coast Line R. Co. v. Wauchula Truck Growers’ Ass’n, 95 Fla. 392, 118 So. 52; Missouri, Kansas & Texas R. Co. v. Hariman Bros., 227 U.S. 657, 33 S.Ct. 397, 57 L.Ed. 690; Ellis & Co. v. Davis, 260 U. S. 682, 43 S.Ct. 243, 67 L.Ed. 460; Chicago & N. W. R. Co. v. Bewsher, 8 Cir., 6 F.2d 947.
“Only in the event a bill of lading is completely silent on the subject of an agreed period of limitation for bringing actions can a state statute of limitations ap-ply to it. We construe the federal statutes as authorizing, but not requiring, a federal contract on the subject of limitations of time for bringing actions, to be made through provisions inserted in bills of lading issued by railroad companies to cover the transportation of interstate shipments of goods.”
Our attention is also directed to Soheibel v. Agwilines, Inc., 156 F.2d 636, 638, decided by the United States Circuit Court of Appeals for the Second Circuit, which involved the validity of a stipulation contained in a ticket for passage on a seagoing vessel, which provided that suits for personal injuries must be brought within one year from the date of the accident. The action was brought after the expiration of the one year period, but within the four year period of limitation fixed by a statute of the State of Florida, wherein the accident happened. The plaintiff’s position was that the period of limitation should be that defined by the state statute, because the provisions of the governing federal statute, 46 U.S.C.A. § 183b, under which the transportation contract was drawn, were negative provisions, and that by enacting the statute, Congress merely “entered” the field but did not “occupy” it. The federal statute provided that it shall be unlawful for the owner of a seagoing vessel transporting passengers or merchandise between ports of the United States, or from ports in the United States to foreign ports, to provide by rule, contract, regulation, or otherwise a shorter period than one year for the filing of suit based on injury. The Court held: “Read in this context, section 183b is not, as the appellant argues, an isolated enactment whose negative language should be narrowly construed, ibut is a declaration of Congressional policy as to lawful contractual time limitations and one which in the interest of uniformity should be construed to exclude state statutes of limitation.
See Moore v. American Scantic Line, Inc., D.C.S.D.N.Y., 30 F.Supp. 843, 846, 847, affirmed, 2 Cir., 121 F.2d 767. That state statutes must yield so that uniformity may prevail in interstate transportation has been recognized by the courts even though there was no federal legislation dealing expressly with suit clause limitations; see Missouri, K. & T. R. Co. v. Harriman, 227 U.S. 657, 672, 33 S.Ct. 397, 57 L.Ed. 690; Missouri Pacific R. Co. v. Porter, 273 U.S. 341, 346, 47 S.Ct. 383, 71 L.Ed. 672; Cudahy Packing Co. v. Munson S. S. Line, 2 Cir., 22 F.2d 989 [898] 901, certiorari denied 277 U.S. 586, 48 S.Ct. 433, 72 L.Ed. 1000; or though the legislation was in negative form, similar to section 183b. See Atlantic Coast Line R. Co. v. Wauchula Truck Growers’ Ass’n, 95 Fla. 392, 395, 118 So. 52; Atlantic Coast Line R. Co. v. Chase & Co., 109 Fla. 50, 146 So. 658.”
Notwithstanding the holdings in the cases cited and relied upon by plaintiff, our opinion is that the Gardiner case is controlling, and that in the absence of *859 federal legislation establishing a period of limitation, the local statute of prescription is to govern the case. Nowhere does the Transportation Act forbid the giving of affect to a state statute fixing a period of prescription, even though the prescriptive period may be shorter than that set forth as the minimum period which the contracting parties may fix.
It is said, however, that in a situation •such as we have before us, when the parties have entered into a contract fixing a longer period of 'limitation than the state statute prescribes, the effect is that the parties have agreed to set aside the state law, and to substitute therefor the contractual prescription which they have agreed upon.
Perhaps the parties could do this, were it not for the fact that the jurisprudence is well settled in Louisiana that a waiver or extension of a period of prescription established 'by statute may not be agreed upon in advance of the actual accrual of the prescription. It would be contrary to the public policy of the State of Louisiana for parties, by their contract, to agree to enlarge a prescriptive period, because prescription acquirendi cmtsa cannot be waived before it has accrued.
Article 3460 R.C.C. emphatically states: “One can not renounce a prescription not yet acquired, but it is lawful to renounce prescription when once acquired.”
The courts of this state have on many occasions adhered to the rule that prescription cannot be waived before it begins to run, and many subterfuges designed to evade the effect of prescription have ibeen declared invalid by the courts. Segond v. Landry, 1 Rob. 33S; Reeves v. Globe Indemnity Co., La.App., 164 So. 642; Munn v. Wadley, 192 La. 874, 189 So. 561; Nabors Oil & Gas Co. v. Louisiana Oil Refining Co., 151 La. 361, 91 So. 765; Bodcaw Lumber Co. v. Magnolia Petroleum Co., 167 La. 847, 120 So. 389; see also Porter Wadley Lumber Co. v. Bailey, 5 Cir., 110 F.2d 974.
Plaintiff's suit, not having been instituted within two years from the date of shipment, the plea of prescription was properly maintained, and
The judgment appealed from is hereby affirmed.
Affirmed.