THOMAS, Justice.
We are entertaining a petition for cer-tiorari to review an order of the Circuit Court affirming a judgment of the Civil Court of Record against the petitioner who had sought damages for loss of his luggage.
The petitioner had paid for transportation by air from Miami to Detroit. The flight was terminated at Akron because of inclement weather, and petitioner, with his baggage, was transferred to a bus for the remainder of the trip. Somewhere between Akron and Detroit the baggage disappeared. ' The loss was reported to respondent’s office in Detroit and some correspondence followed until 10 July 1950 when the petitioner was advised that the claim was being referred to the New York office of the respondent. The matter seems to have been thereafter ignored by the respondent and 23 October 1951, more than a year and eight months after the incident, the suit was instituted.
The petitioner challenges the action of the court in vacating a default judgment entered against the respondent. To understand the ruling it is necessary now to give the circumstances surrounding the entry and the vacation. A request was made by the plaintiff “for admission of facts” to which objections were filed 7 December 1951. The same day the defendant served notice on the plaintiff that the matter would be heard a month hence. At the appointed time the trial judge entered his order reciting that no one had appeared in behalf of the defendant and that a default judgment be entered against the defendant. No mention of the disposition of the objections to the request for admission of facts appears in this order. The following day a motion *635 was made to set aside this default because the absence of defendant’s counsel had been “inadvertent” and because the objections “were entirely proper and nowise dilatory.” The day this motion was made counsel for the defendant set it down for hearing a week later. Soon afterward the trial judge denied the motion, but, ex mero motu, amended the order for the default judgment, so as to overrule “the objections to the admission of fact” and to require the defendant within ten days to admit or deny the facts. The defendant complied the next day.
We have little confidence in the ground of the motion to vacate that the attorneys were inadvertently absent, but it is plain that when the default was entered the objections were before the judge and he had not determined them. Doubtless he thought the default was, for that reason, premature and he immediately remedied the situation by entering an order that judged the merits of the objections. He found them unsound and as a result of the ruling the plaintiff was furnished the information he desired. When it is considered that the defendant showed extreme diligence in obeying the order, that no appreciable amount of time was lost and that the validity of the default was extremely doubtful, to say the least, we can only conclude that the judge acted wisely, and completely within the limits of his discretion.
To cap the point it is well to comment that a short time after the answer was filed the plaintiff made his motion for summary judgment, representing that the pleading “and admissions on file” showed that there was no genuine issue as to material facts and insisting that he was, therefore, entitled to recover. The following day the defendant also moved for summary judgment.
Patently the case was simplified and expedited by the judge’s ruling and the plaintiff gained in the process. His ultimate failure is certainly not traceable to the adverse preliminary ruling.
The facts already given should be supplemented before approaching an answer to petitioner’s second question. When the flight was interrupted at Akron the respondent chartered the bus to take the passengers to Detroit, telling them that the prorata share of charges for transportation on the bus would be deducted from refunds for unused air transportation. The bus charges were, therefore, paid by respondent to facilitate continuation of the journey. It was admitted that notice of the loss was given the Detroit agent; that counsel for the plaintiff was advised to correspond in the future with a named person in the New York office; that this person did not reply.
There was filed in the case the “Local and Joint Passenger Rules Tariff” relating to rules authorized by the Civil Aeronautics Board governing passengers and baggage transported between points in different states. It is provided in these rules that liability for baggage be limited to a certain amount unless a higher value is declared and a certain proportionate charge .is paid, and that no action shall be maintained “unless notice of the claim is presented in writing to the general offices * * * within 30 days * * * and unless the action is commenced within one year * *
The petitioner did not present his claim to the proper office and he did not file his action within one year. He seeks to escape the effect of these conditions on the theory that the transportation on the bus was a new undertaking completely divorced from the original contract of carriage originating in Miami. We cannot agree. The termini were Miami and Detroit and were not altered by the necessity of abandoning the plane because of bad weather and by doing only what could be practically done under the circumstances, i. e., transporting the passengers the rest of the way by surface vehicle.
There is no occasion for discussing the validity of the rules for no attack is made upon them. Parenthetically, authorities on this subject are: Lilly v. Grand Trunk Western Railroad Company, 317 U. S. 481, 63 S.Ct. 347, 87 L.Ed. 411; Scheibel v. Agwilines, Inc., 2 Cir., 156 F.2d 636. We hold that they were a part of the initial *636 contract for transportation to Detroit and did not become inapplicable for transportation beyond Akron on the theory that a new contract was entered into there for transportation the rest of the way.
And lastly, petitioner insists that the rules should not be invoked to defeat his claim because, after all, he substantially complied with their requirements. This position, too, we believe unsound. Even had his report to the Detroit office been sufficient there was positively no semblance of adherence to the prerequisite that action be brought within one year.
Summarizing the merits of the dispute, there was one contract, not two, and pe-' titioner did not perfect his claim under it.
The petition is denied.
HOBSON, C. J., and TERRELL and DREW, TT., concur.