[Crim. No. 496. Fourth Dist. Nov. 8, 1946.]

THE PEOPLE, Appellant, v. THOMAS C. VAN HORN, Respondent.

Robert W. Kenny, Attorney General, John F. Hassler, Deputy Attorney General, Thomas Whelan, District Attorney, and A. D. Orme, Deputy District Attorney, for Appellant.

Ray L. Chesebro, City Attorney (Los Angeles), Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, as Amici Curiae on behalf of Appellant.

F. W. Turcotte, John T. Holt and William A. Macomber for Respondent.

BARNARD, P. J.—The defendant was charged with violating the Motor Carrier Transportation Agent Law (Stats. 1933, p. 1011; amended by Stats. 1941, p. 1861; Deering's Gen. Laws, Act 5130c) by acting as such an agent without a license. The case was tried on stipulated facts and the defendant was found guilty. Thereafter, a motion in arrest of judgment was granted and the plaintiff has appealed from the order granting this motion.

The facts are not disputed and it is conceded that in May, 1945, the defendant was engaged in the business of arrang-

ing, procuring and furnishing transportation, for compensation, to persons desiring to travel between San Diego and points outside California by means of private automobiles operated in interstate commerce, for compensation, by casual, occasional and reciprocal car operators who were not engaged in such transportation as a regular occupation or business; that these motor vehicle operators, with whom the defendant arranged for interstate transportation of prospective passengers, traveled over highways of this state from San Diego to the line of an adjoining state as a part of an interstate trip; that the defendant had not applied for or received from the Railroad Commission of this state any license authorizing him to act as a motor carrier transportation agent; that he had not applied to the Interstate Commerce Commission for a license to operate as broker or agent; and that the private automobile operators with whom the defendant arranged for such transportation held no certificate or permit either from the State Railroad Commission or the Interstate Commerce Commission, nor was the defendant an agent for any carrier holding such a certificate.

The appellant argues that the sole question presented is whether Act 5130c is constitutional or whether it is invalid as being in conflict with federal regulations in the field of interstate commerce. On the other hand, the respondent contends that the sole question presented is whether his admitted acts constituted a violation of Act 5130c, at the time in question.

Section 1 of Act 5130c declares the public policy of regulating and controlling persons who offer to act as intermediaries between the public and such motor carriers of passengers for compensation as are not required to obtain, or have not obtained, a certificate from the Railroad Commission. Section 2 first defines a motor carrier transportation agent as one who sells or offers to sell or arrange for transportation over public highways which is to be furnished by a motor carrier as defined in this act. A motor carrier is then defined, in brief, as anyone transporting or offering to transport passengers for compensation without holding a valid certificate or permit issued by either the Railroad Commission or the Interstate Commerce Commission. It is further provided that the act shall not apply to certain enumerated forms of transportation. It is then provided that, in the absence of action on the part of Congress or the Interstate Commerce

Commission regulating or requiring licenses of motor carrier transportation agents (as defined in the act), acting as such agents for motor carriers carrying passengers in interstate commerce, this act shall apply to and regulate such agents. Section 3 makes it unlawful for any person to act as such motor carrier transportation agent without first obtaining a license, and other sections of the act then provide for the issuance of such licenses on certain conditions, including the furnishing of a bond, for prosecution of violations of the act, and for penalties for operating without a license.

The validity of Act 5130c was upheld by the United States Supreme Court in *People* v. *Thompson*, 313 U.S. 109 [61 S.Ct. 930, 85 L.Ed. 1219]. In that case the court pointed out that the commerce clause of the Constitution did not wholly withdraw from the states the power to regulate matters of local concern, with respect to which Congress has not acted, even though the regulation has an incidental effect upon interstate commerce and held that, in any event, until Congress undertook to regulate the matter in question there was nothing to prevent action by the state.

At that time there was no federal statute or regulation affecting the factual situation covered by Act 5130c, and with which we are here concerned. Part II of the Interstate Commerce Act relating to motor carriers was in effect, having been adopted in 1935. By the terms of section 303(b) (7a) of that act, as found in title 49, U.S.C.A., the provisions of the act were made inapplicable to such transportation matters as those here in question "unless and to the extent that the Commission (the Interstate Commerce Commission) shall from time to time find that such application is necessary to carry out the national transportation policy declared in the Interstate Commerce Act."

Pursuant to the authority given by the clause of the act just quoted, the Interstate Commerce Commission, on March 21, 1942, made and entered its decision and order in Ex Parte No. MC-35 (33 Motor Carrier Cases 69, 3 Fed. Carrier Cases 202) by which it found and provided that the exemption of casual, occasional or reciprocal transportation of passengers by motor vehicle in interstate commerce for compensation, as contained in section 303(b) (9) of the act, should be removed "to the extent necessary and so as to make applicable all provisions of the act to such transportation when sold, offered for sale, provided, procured, furnished, or ar-

ranged for by any person who sells, offers for sale, provides, furnishes, contracts, or arranges for such transportation for compensation or as a regular occupation or business.''

This order removed the exemption theretofore existing and made all the provisions of part II of the Interstate Commerce Act applicable to the furnishing of such transportation as that with which we are here concerned. By the terms of that act, and the action of the Interstate Commerce Commission pursuant thereto, Congress had then undertaken to regulate the matter in question, to wit: The activities of an agent in connection with the procuring and furnishing of such transportation.

The appellant argues that, even if some regulation over the matter in question has thus been provided by act of Congress and by action of the Interstate Commerce Commission, any such federal regulation is only partial and does not render Act 5130c invalid or unconstitutional under the rule that a state statute, enacted in the exercise of police powers, will be sustained even though it has an indirect and remote effect upon interstate commerce. Some of the things said in the opinions in *People* v. *Thompson,* 313 U.S. 109 [61 S.Ct. 930, 85 L.Ed. 1219] and *Duck* v. *Arkansas Corporation Commission,* 203 Ark. 488 [158 S.W.2d 24] (the latter case was affirmed in 316 U.S. 641 [62 S.Ct. 946, 86 L.Ed. 1727]) support the argument thus made. Both of these cases involved situations existing prior to the adoption of the order in Ex Parte No. MC-35. It is unnecessary to consider this question here in view of the provisions of our statute (Act 5130c). Originally this act contained the following: ''The provisions of this act shall apply regardless of whether such transportation so sold, or offered to be sold, is interstate or intrastate.'' In 1941 this provision was eliminated and by amendment it was provided that this act should apply to and regulate such motor transportation agents insofar as their acts affected the carrying of passengers in interstate commerce ''In the absence of action on the part of Congress or the Interstate Commerce Commission regulating or requiring licenses of'' such agents. The problem before us, therefore, is not whether the regulation of the activities of such agents, in connection with interstate commerce, is one within the valid powers of the state but rather whether our state statute (Act 5130c) now imposes such regulation. The provision that this act shall apply to such activities in connection with interstate

commerce in the absence of federal action can only be interpreted as providing that the act shall not apply where such federal action has been taken. Moreover, the applicability of the state statute is not made dependent upon the extent to which the federal regulation is complete or efficient in controlling the evils which gave rise to the legislation, but is made dependent entirely on whether or not federal action has been taken "regulating or requiring licenses of" the transportation agents defined in the act.

It appears beyond question that Congress and the Interstate Commerce Commission, by the act and order above referred to, have now taken action "regulating or requiring licenses of" such motor carrier transportation agents. The order of the Interstate Commerce Commission (Ex Parte No. MC-35) was made expressly to make the provisions of part II of the Interstate Commerce Act applicable to such agents. The terms of that act, thus made applicable to such agents, require licenses of any such agents, who are referred to as brokers in that act, and provide for their regulation in a number of respects. The argument that these regulations are not sufficient to accomplish the end that it is be desired is beside the point. Federal action having been taken in this regard our statute is, by its own terms, made inapplicable. Nor does the fact, if it be a fact, that the private operators of automobiles carrying passengers in interstate commerce for compensation cannot be licensed under the federal act, because they are unable to comply with the necessary requirements for such licensing, affect the fact that licensing provisions and other regulations are by the federal act made applicable to agents who sell or furnish, or offer to sell or furnish, transportation by motor carriers who do not hold a valid certificate or permit, being the same situation which is covered by the provisions of our state act. Federal action having been taken in the respect referred to in the last paragraph of section 2 of the state act (Act 5130c), the provisions of that act are no longer applicable to the factual situation here involved.

In a similar case, where the defendant was charged with violating the licensing provisions of our state act (Act 5130c), an order dismissing the action was affirmed by the appellate department of the Superior Court of the county of Los Angeles (*People* v. *Edmondson,* No. Cr. A 2160) and a peti-

tion for certiorari filed by the People was denied by the Supreme Court of the United States on October 14, 1946.

For the reasons given the order here appealed from is affirmed.

Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 5, 1946.