197 P.2d 851]

**Appellate Department, Superior Court, Los Angeles**

[Crim. A. No. 2386.   July 21, 1948.]

THE PEOPLE, Respondent, v. BERL B. ZOOK et al., Appellants.

DeWitt Morgan Manning and F. W. Turcotte for Appellants.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondent.

SHAW, P. J.—Defendants were convicted on a charge of violating Penal Code section 654.1, and appeal. In brief, that section, added to the code in 1947, makes it unlawful for any person to sell or offer for sale or to negotiate for sale of, transportation of persons on an individual fare basis over public highways of the state, unless the transportation is to be done by a carrier authorized either by the state Public Utilities Commission or by the Interstate Commerce Commission. The complaint charged a violation of this section by selling transportation to two persons from Los Angeles to Fort Worth, Texas. After a demurrer had been overruled, the case was submitted to the trial court on a stipulation of facts showing the complaint to be true, and that the transportation was in fact by motor carrier.

The point made on appeal is that the acts charged and proved against defendants were done in interstate commerce and that for that reason and because of certain federal legislation, the state law cannot be applied to those acts. We find this contention well founded. The federal legislation in question (pt. II, Interstate Commerce Act, 49 Stats. 543 et seq., 49 U.S.C.A. §§ 301-327) is reviewed in *People* v. *Van Horn* (1946), 76 Cal.App.2d 753 [174 P.2d 12], and for details regarding it and the order of the Interstate Commerce Commission which put some of it into effect, we refer to that case. The general effect of the federal law is that it is unlawful for anyone to sell or offer for sale such transportation by motor carrier as is here in question unless he is licensed as a broker by the Interstate Commerce Commission, or is agent for an authorized carrier, and that the transportation sold shall be done only by a carrier authorized by the Interstate Commerce Commission (49 Stats. 554, 49 U.S.C.A. § 311(a)).

There is a field of local regulation of interstate commerce which the state may enter, in the absence of action by Congress, and in *California* v. *Thompson* (1941), 313 U.S. 109 [61 S.Ct. 930, 85 L.Ed. 1219], it was held that the particular subject matter here involved is in that field and that no congressional action affecting it was then operative. But since that decision, action by the Interstate Commerce Commission has operated to apply the congressional action to this subject, as was held in *People* v. *Van Horn, supra*, and in our own unpublished decision in *People* v. *Edmondson* (1946), L. A. Cr. A. 2160. Since the United States Supreme Court denied certiorari in our case we assume they approved our holding.

We now have, therefore, a case where there is federal legislation occupying the same field as the state law.

Respondent concedes and even demonstrates that under the circumstances of this case the federal law and section 654.1, Penal Code, forbid and punish the same acts, but contends that this is permissible and does not invalidate the state law, even as applicable to acts in interstate commerce. If we look to the rule in California for determining whether a city ordinance is in conflict with a state law and for that reason void, the city being limited by our Constitution to such police regulations ''as do not conflict with general laws,'' we find it established that ''there is a conflict where the ordinance and the general law punish precisely the same acts.'' *In re Sic* (1887), 73 Cal. 142, 149 [14 P. 405]; *In re Bell* (1942), 19 Cal.2d 488, 498 [122 P.2d 22]; *Pipoly* v. *Benson* (1942), 20 Cal.2d 366, 370-1 [125 P.2d 482, 147 A.L.R. 515]; *In re Portnoy* (1942), 21 Cal.2d 237, 240 [131 P.2d 1]; *People* v. *Commons* (1944), 64 Cal.App.2d Supp. 925, 929 [148 P.2d 724].) Respondent contends that this is not the rule applicable as between state and federal legislation, but on review of the authorities we conclude that the rule in interstate commerce matters has substantially the same effect as that above stated. Of such a case, the United States Supreme Court said long ago: ''This legislation [enacted by Congress] covers the same ground as the New York Statute, and they cannot co-exist.'' (*New York* v. *Compagnie Generale Transatlantique* (1883), 107 U.S. 59, 63 [2 S.Ct. 87, 27 L.Ed. 383, 385].) In *Charleston etc. R. Co.* v. *Varnville Furn. Co.* (1915), 237 U.S. 597, 604 [35 S.Ct. 715, 59 L.Ed. 1137, 1140], where it was urged that a state law regarding payment of claims for overcharges of freight was in aid of interstate commerce, the court said: ''When Congress has taken the particular subject matter in hand, coincidence is as ineffective as opposition.'' This quotation was quoted with apparent approval in *Cloverleaf Butter Co.* v. *Patterson* (1942), 315 U.S. 148, 169 [62 S.Ct. 491, 86 L.Ed. 754, 770], and in *Bethlehem Steel Co.* v. *New York Labor Rel. Bd.* (1947), 330 U.S. 767, 775 [67 S.Ct. 1026, 91 L. Ed. 1234, 1947]. In *Pennsylvania R. Co.* v. *Public Service Com.* (1919), 250 U.S. 566, 569 [40 S.Ct. 36, 63 L.Ed. 1142, 1145], the court said: ''But when the United States has exercised its exclusive powers over interstate commerce so far as to take possession of the field, the states no more can

supplement its requirements than they can annul them.'' Again in *Missouri P. R. Co.* v. *Porter* (1927), 273 U.S. 341, 346 [47 S.Ct. 383, 71 L.Ed. 672, 675], the court said, referring to the power of Congress over interstate commerce: ''Its power to regulate such commerce and all its instrumentalities is supreme; and, as that power has been exerted, state laws have no application. They cannot be applied in coincidence with, as complementary to or as in opposition to, federal enactments which disclose the intention of Congress to enter a field of regulation that is within its jurisdiction.'' In *Oregon-Washington R. & Nav. Co.* v. *Washington* (1926), 270 U.S. 87, ·101 [46 S.Ct. 279, 70 L.Ed. 482, 488], the court said of such local regulations as we have here: ''the state may exercise its police power until Congress has by affirmative legislation occupied the field by regulating interstate commerce and so necessarily has excluded state action.'' In *Northern Pac. R. Co.* v. *Washington* (1912), 222 U.S. 370, 378 [32 S.Ct. 160, 56 L.Ed. 237, 239], the court held that an act of Congress regulating hours of labor in interstate railway transportation, even though it was not to take effect until a year after its passage, prevented the state from enforcing similar regulations in the meantime, saying: ''. . . as the enactment by Congress of the law in question was an assertion of its powers by the fact alone of such manifestation that subject was at once removed from the sphere of operation of the authority of the state.'' A similar declaration appears in *People* v. *Marine Products Co.* (1947), 77 Cal.App.2d Supp. 929, 933 [177 P.2d 67].

Against our conclusion already stated respondent cites *United States* v. *Lanza* (1922), 260 U.S. 377 [43 S.Ct. 141, 67 L.Ed. 314], *Cross* v. *North Carolina* (1889), 132 U.S. 131 [10 S.Ct. 47, 33 L.Ed. 287], and other cases holding that the same act or acts may be an offense against both state and nation and punishable by each. In the Lanza case, the Eighteenth Amendment was involved, which, as the court pointed out, expressly authorized its enforcement concurrently by state and nation. The other cases do not concern interstate commerce and are sufficiently distinguished in *Southern R. Co.* v. *Railroad Com.* (1914), 236 U.S. 439, 445, 446 [35 S.Ct. 304, 59 L.Ed. 661, 665]. There it appeared that the State of Indiana had a statute nearly the same as one passed by Congress, requiring grab irons and handholds on freight cars and imposing a penalty for violation. A proceed-

ing was brought against the railroad company under the Indiana statute to recover the penalty, but the United States Supreme Court held the statute invalid, after considering the same argument made here. Referring to *Cross* v. *North Carolina, supra,* and to the rule declared in it, the court said: "But, upon an analysis of the principle on which it is founded, it will be found to relate only to cases where the act sought to be punished is one over which both sovereignties have jurisdiction." The court further said: "But the principle that the offender may for one act, be prosecuted in two jurisdictions, has no application where one of the governments has exclusive jurisdiction of the subject-matter, and therefore the exclusive power to punish. Such is the case here where Congress, in the exercise of its power to regulate interstate commerce, has legislated as to the appliances with which certain instrumentalities of that commerce must be furnished in order to secure the safety of employees. Until Congress entered that field, the states could legislate as to equipment in such manner as to incidentally affect, without burdening, interstate commerce. But Congress could pass the safety appliance act only because of the fact that the equipment of cars moving on interstate roads was a regulation of interstate commerce. Under the Constitution the nature of that power is such that, when exercised, it is exclusive, and *ipso facto* supersedes existing state legislation on the same subject." The first of these quotations was copied with approval in *United States* v. *Lanza, supra,* at 260 U.S. 384, 67 L.Ed. 318.

In *State* v. *Harper* (1914), 48 Mont. 456 [138 P. 495, Ann. Cas. 1915D 1017, 51 L.R.A. N.S. 157, 159], the court held invalid a state law substantially like the Mann Act [18 U.S.C. (1948 ed.), §§ 2421-2424], prohibiting the transportation of women into the state for immoral purposes; and discussing the argument that the same act may be an offense against both the United States and the state, the court said: "This might be true in some instances, but here we are confronted with the fact that, so far as the regulation of interstate commerce is concerned, the states have expressly surrendered the entire subject to the general government, and that, when the general government sees fit to exercise the powers delegated and surrendered to it by the states, the state is precluded from saying that the subject, or any matter connected therewith, is under the concurrent control of the two sovereignties."

We conclude, therefore, that section 654.1, Penal Code, cannot be validly applied to transportation in interstate com-

merce, and since the complaint herein expressly limits itself to such transportation, it states no offense punishable under the section and the demurrer should have been sustained.

The judgment is reversed and the cause remanded to the municipal court with directions to sustain the demurrer to the complaint and enter judgment dismissing the action. The appeal from the order denying a motion in arrest of judgment is dismissed.

Bishop, J., concurred.